PEOPLE ex rel. VAN DEREN et al. v. MOORE, Mayor.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1902.)

1. PLUMBING—BOARD OF EXAMINERS—APPOINTMENT—STATUTES—APPLICABILITY.
Laws 1892, c. 602, provides for the supervision of plumbing in the cities of the state, except New York, and the appointment by the mayors of examining boards. Laws 1897, c. 360, is a special act incorporating a city. Section 74 provides that the board of health shall supervise the plumbing of the city, and make regulations with reference thereto. Laws 1900, c. 327, art. 3, § 40, continues the existing boards for the examination of plumbers, directs the mayors to continue to appoint the examiners, provides for the membership of such boards, so as to include officers having in charge the supervision of plumbing, drainage, or the health of the city, and expressly repeals Laws 1892, c. 602, but makes no reference to Laws 1897, c. 360. *Held,* that Laws 1900, c. 327, is applicable to the city incorporated by Laws 1897, c. 360.

2. SAME—STATUTES—DIRECTORY—MANDATORY.
Laws 1900, c. 327, art. 3, § 40, continuing the existing boards for the examination of plumbers in cities, and directing that mayors shall continue to appoint the examiners, is mandatory; making it obligatory on mayors to appoint such boards.

3. MANDAMUS—ISSUES OF FACT—ALTERNATIVE WRIT.
In mandamus proceedings to compel the appointment of an examining board of plumbers for a designated city, the affidavit of the relators averred that no reason existed why the appointment should not be made, and that the city included among its inhabitants plumbers qualified for appointment on the board. The mayor of the city and officers and other citizens, on information and belief, alleged in their affidavits, in opposition to the motion for mandamus, that there were no plumbers in the

city qualified for the appointment; enumerating the only plumbers in the city, and averring that none of them had the requisite qualifications. *Held*, that the affidavits used in opposition to the motion were sufficient to raise an issue of fact as to the mayor's ability to make the appointment; making it proper to issue only an alternative writ, instead of a peremptory one.

Appeal from special term, Ontario county.

Mandamus by the people, on the relation of David G. Van Deren and others, against the mayor of the city of Geneva, to compel the appointment of an examining board of plumbers for the city. From an order directing the issuance of a peremptory writ, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

W. Smith O'Brien, for appellant.
Wm. S. Moore, for respondents.

WILLIAMS, J. The order should be reversed with $10 costs and disbursements, and an order made directing the issue of an alternative writ of mandamus.

The application was made under the provisions of article 3 of the city law of the state (chapter 327, Laws 1900), which purports to provide for plumbing and drainage in all the cities of the state except New York. The appellant claims that these provisions of the city law do not apply to the city of Geneva, but we think this claim cannot be sustained.

The legislature, by chapter 602 of the Laws of 1892, provided for the registration of plumbers, and the supervision of plumbing and drainage in the cities of the state, except New York, and for the appointment by the mayors of "examining and supervising boards of plumbers and plumbing," consisting of five persons, and prescribed their duties, etc. Thereafter the city of Geneva was incorporated by special act of the legislature (chapter 360 of the Laws of 1897). The charter of the city (section 74) provided that the board of health should supervise the plumbing of the city, and make suitable rules and regulations with reference thereto. It did not, however, expressly provide for examining or supervising the plumbers. The city law (article 3, § 40), passed three years after the city of Geneva was incorporated, provided that the existing boards for the examination of plumbers in the cities of the state should be continued as the examining boards of plumbers, should consist of five persons, to be appointed by the mayor, of whom two should be employing or master plumbers, of not less than 10 years' experience in the business of plumbing, and one should be a journeyman plumber, of like experience, and the other members should be the chief inspector of plumbing and drainage of the board of health of the city, or officer performing the duties of such inspector, and the chief engineer, having charge of sewers in such city, but, in the event of there being no such officers in the city, then any two other officers having charge or supervision of the plumbing, drainage, or sewerage, whom the mayor should designate or appoint, or two members of the board

of health of the city, having the like duties, or acting in like capacities. The act expressly repealed chapter 602 of the Laws of 1892, above referred to, but made no reference to section 74 of the charter of the city of Geneva. It will be seen that a board for the examination of plumbers was not provided for at all by the charter of the city of Geneva, and therefore the provisions on this subject in the city law are in no way in conflict with any provision of such charter. The charter only provided for the supervision of plumbing, and imposed the duty of such supervision upon the board of health. The city law imposed that duty upon the examining board of plumbers, in conjunction with the board of health of the city. We think, therefore, that the provisions of the city law should be regarded as modifying the provisions of the charter in that respect, and as applicable to the city of Geneva. Since the incorporation of the city, no board of examining plumbers has been appointed by the mayor of the city of Geneva under either the law of 1892, above referred to, or the city law.

The appellant further claims that the provisions of the city law in question are directory merely, and not mandatory; that the granting of the writ is discretionary, and that the same should be refused because it would result in hardship or mischief, and in no good to the city; that the appointment of such a board would create a large and unnecessary expense, and would take the business out of the hands of plumbers and others, by whom it is now conducted satisfactorily and in a sanitary manner. We think this claim cannot be sustained. The regulation and control of the plumbers and plumbing of cities is of great importance, in order to preserve the public health. The legislature has, in the city law, provided a uniform scheme to accomplish this purpose in all the cities of the state, except in the city of New York. The provisions of the city law can hardly be considered as directory merely. They are mandatory. The wisdom of these provisions cannot be questioned by any city which may be disinclined to comply with them. So long as they remain the law of the state, they should be observed and followed. We think the mayor of the city of Geneva should appoint the board referred to, if it is possible for him to do so; and the only valid objection, if any, made to the issuing of the writ in question, is that it commands the performance of an act which it is impossible for the mayor to perform.

It was claimed by the appellant that the writ should have been an alternative one, because, by his papers used in opposition to the motion, he raised an issue of fact as to his ability to appoint the board designated in the city law, which issue should have been tried and settled before a peremptory writ was issued. It was claimed that there were not two residents of the city who were employing or master plumbers of not less than 10 years' experience in the business of plumbing, who could be appointed members of the board, as required by the city law in question, and therefore he could not comply with the command of the writ. The respondents contended that this issue was not properly raised by the papers of the appellant used upon the hearing before the special term. If the issue was

raised, then the proper writ was an alternative one. If not, then the peremptory writ was properly issued. The respondents stated in their affidavit that no reason existed why the appointment of the board should not be made; that the city had a population of upwards of 11,000 inhabitants, including among the same master plumbers and journeyman plumbers qualified for appointment upon the board. The appellant the mayor stated in his affidavit, upon information and belief, that it was not within his power to appoint the board from residents of the city, for the reason that there were not in the city any persons who were employing or master plumbers of not less than 10 years' experience in the business of plumbing; that the only persons engaged in the plumbing business in the city were Wilson, Stacey, Emig, Hatmaker, and Hawkins, of whom Hatmaker alone was a plumber by trade; and that none of these persons had had 10 years' experience in the business of plumbing. O'Brien, president of the board of health, stated in his affidavit that the persons above named were the only persons engaged in the business of plumbing in the city, and this was not upon information and belief. Rose, a hardware merchant, stated in his affidavit that for upwards of 10 years his firm had carried on the business of plumbing in connection with its hardware business, but had gone out of the plumbing business, and that he verily believed the persons above named were the only persons engaged in the plumbing business in the city, and, upon information and belief, that Hatmaker was the only one of those persons who was a plumber by trade. O'Brien, city attorney, in his affidavit stated upon information and belief that the above were the only persons engaged in the business of plumbing, and employing plumbers, in the city; that Wilson had been in the business only 4 years, Stacey only 1 year, Emig and Hatmaker only 5 years, and Hawkins only 2 years, and none of those persons were plumbers, except Hatmaker; that there were no master plumbers of 10 years' experience in the city; and that the sources of his information and the grounds of his belief were conversations had with the persons named, within the last 10 days. These were the affidavits upon which the appellant relied as raising the issue in question. The persons making these affidavits were city officials, and, we must assume, made the affidavits honestly and truthfully. If there were persons residing in the city who were employing or master plumbers of not less than 10 years' experience in the business of plumbing, they ought to have had some knowledge or information of them. The city attorney testified that his knowledge and information were based upon conversations had with the only persons engaged in the plumbing business in the city. It seems to us, in view of these affidavits, it ought not to be held that the statements made by the relators, which were themselves very general, and were little more than conclusions, were not denied, but were admitted, by the appellant, so as to authorize the court to make the order for a peremptory writ before settling the issue of fact attempted to be raised as to the power of the mayor to obey the command to appoint the board.

The granting or refusing the writ was more or less discretionary, and we think the discretion should have been exercised by ordering an alternative, rather than a peremptory, writ to issue, so that this issue of fact could be settled before the peremptory writ was issued. The court should not criticise too closely the affidavits presented by the appellant in opposition to the application. In People v. Board of Police, 107 N. Y. 243, 13 N. E. 920, Judge Peckham said:

"It may be, perhaps, admitted that, in strictness, there is no proper denial in the return of the board; but * * * we think it is conclusively shown that there is a serious question of fact, having a substantial basis, to be decided, before the relators shall be entitled to the writ asked for [a peremptory one]. While not deciding what would be the rule in cases of strictly private rights, we think that in cases such as this, where the question is who are the real representatives of this constituency, the court will not be driven into issuing a peremptory writ, to guide the conduct of public officers charged with this public duty, upon any narrow construction of a return to its alternative writ, where from all the papers it is seen that there is a substantial issue of fact, and of a material nature, which should be decided in the way pointed out by law before the issuing of such writ. In such cases it is a wise and proper exercise of discretion to refuse the application."

The principle here laid down is reasonable, and should be applied to the case before us.

The views hereinbefore expressed lead us to conclude that the order appealed from should be reversed, with $10 costs and disbursements, and an order made directing the issue of an alternative writ of mandamus. All concur.