The People ex rel. John McMackin et al., Appellants, *v.* The Board of Police of the City of New York, Respondent.

107 235
78 AD⁴ 32

The remedy by writ of *mandamus* may only be resorted to where a clear legal right is made to appear and there is no other adequate or legal means to obtain it.

When asked against public officers to compel the performance of an alleged public duty, the granting or refusing of the writ is somewhat a matter of discretion.

The relators, claiming to represent the United Labor Party of the city of New York, which party they allege polled more than fifty thousand

votes at "the next preceding election," on proof that the board of police had refused to appoint inspectors of election of the political faith and opinion of that party as required by the amendment of '1887 (Chap. 490, Laws of 1887), of the consolidation act, applied for a peremptory writ of *mandamus* to compel such appointment which was denied. The record on appeal to this court showed that two other organizations claimed to be the sole and proper representatives of the voters who deposited the votes in question and that they were entitled to the additional inspectors. *Held,* that the writ was properly denied; that in the exercise of a legal and proper discretion, upon being satisfied from the record that there was an honest dispute as to material facts which should be determined, the court was justified in refusing a peremptory writ, although the issues were in a strict and technical construction of the papers inartificially or loosely made up.

An alternative writ was granted, to which two of the four members of the board made a return, the other two refusing to join therein. *Held,* that the return was properly received and entertained; that the court would not be driven into issuing a peremptory writ to guide the conduct of public officers charged with a public duty upon any narrow construction of a return to its alternative writ, where from all the papers it is seen that there is a substantial and material issue of fact.

(Argued October 17, 1887; decided October 25, 1887.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 10, 1887, which overruled a demurrer interposed by the relators to returns made to an alternative writ of *mandamus*; also appeal from said order, which, in addition to directing judgment, denied a motion to strike out a return made by two members of the Board of Police, defendant, and affirmed an order of Special Term denying a motion, made on return of an order to show cause for a peremptory writ of *mandamus.*

The relators, who claimed to be the representatives of the "United Labor Party," alleged in their petition in substance that said party at the next preceding election had nominated Henry George as its candidate for mayor in the city of New York, who received 68,110 votes; that the Board of Police had appointed four inspectors of election to represent the Democratic and Republican parties, and determined that said United Labor Party was not entitled to one of them; that said party

thereupon designated one of the board to select one additional inspector in each election district of the political faith or opinion of said party; that said member made and filed such an appointment with the board, but the board declined and refused to appoint the inspectors so selected. The relators asked for a peremptory writ directing the board to make the appointment. Upon the return of the order to show cause, papers were produced showing that two other organizations, Irving Hall and the Progressive Labor Party, claimed to represent the voters who cast their ballots for George and claimed to be entitled to the additional inspector.

The Special Term denied the application for a peremptory writ, but issued an alternative one; on the return day of the alternative writ the Board of Police filed as its return a copy of all the proceedings before the board, from which it appeared that on all motions a tie vote had been cast. The relator demurred to this return. Thereupon two of the commissioners asked leave to file an additional return the other two refusing to join therein. This was granted and the return filed. The relator moved to disregard and strike it from the files; this was denied. The relator then demurred to it for insufficiency. The court overruled the demurrer and directed judgment for the defendant.

Further facts appear in the opinion.

*Edward M. Shepard* for appellant. The general rule is that the granting of a *mandamas* is a matter of judicial discretion; but "it is not an absolute or arbitrary discretion, but is to be exercised under, and may be regulated and controlled by legal rules, and the exercise of the discretion is reviewable here." (*People ex rel. Gas-light Co.* v. *Syracuse,* 78 N. Y. 56, 61.) The provision of section 2070 of the Code, "that a peremptory writ of *mandamus* may be issued in the first instance, where the applicant's right to the *mandamus* depends only upon questions of law," is in keeping with the conventional language so long used treating the issuance of a *mandamus* as a matter of discretion. (*In re Sage,* 70 N. Y. 220;

*People ex rel. Lanney* v. *Campbell*, 72 id. 496 ; *People ex rel. Faile* v. *Ferris*, 76 id. 326.) The statute in this case imposed on the police board an absolute duty to be exercised for public reasons of the gravest character. (*State* v. *Doyle*, 40 Wis. 220 ; *People ex rel. Gas-light Co.* v. *Syracuse*, 78 N. Y. 56 ; *People ex rel. Millard* v. *Chapin*, 104 id. 96.) This court has entertained and decided upon their merits appeals from orders refusing and granting peremptory writs in the first instance, where the facts were undisputed in several cases. (*People ex rel. Hartford Co.* v. *Fairman*, 91 N. Y. 385 ; *People ex rel. Portchester B'k* v. *Cromwell*, 102 id. 477 ; *People* v. *Rome, etc., R. R. Co.*, 103 id. 95 ; *People ex rel. Millard* v. *Chapin*, 104 id. 96 ; *People ex rel. Ostrander* v. *Chapin*, 105 id. 309 ; *People ex rel. Otsego B'k* v. *Super's*, 51 id. 401.) The language of section 2070 of the Code imposes a legal duty upon the court at Special Term, especially in those cases where the *mandamus* is asked to enforce a public right. (*Newburgh T. Co.* v. *Fuller*, 5 Johns. Ch. 111 ; *Alderman Blackwell's Case*, 1 Vern. 152 ; *Phelps* v. *Hawley*, 52 N. Y. 27 ; *People ex rel. Conway* v. *Supers.*, 68 id. 119 ; *People* v. *Supers. of O. Co.*, 51 id. 401 ; *Hutson* v. *Mayor, etc.*, 9 id. 168.) By making return any objection to the form of the alternative writ was waived. (High on Mandamus, § 452.) The return of the police board to the alternative writ raised no issue of fact. The relator's demurrer to the return should have been sustained, and a peremptory *mandamus* should have been awarded against the board. (High on Extraordinary Remedies, § 464 ; *People* v. *Supers. of S. Co.*, 56 N. Y. 249 ; *Society* v. *Comm.*, 52 Penn. 125 ; *Comm.* v. *Comrs.*, 37 id. 277.) The return was inadmissible for any purpose, and should have been disregarded, and upon the motion made by the relators, should have been stricken from the files. (*Rex* v. *Abingdon*, 12 Mod. 308 ; High on Mandamus, § 480 ; *People* v. *Supers. of San F.* 27 Cal. 655.) When the duty, the performance of which is sought, is obligatory upon municipal officers as a body without regard to the persons composing such body, the names of the individual officers may be treated as surplusage. (High

on Mandamus, § 443 ; *People* v. *Champion*, 16 Johns. 61 ; *Sheaff* v. *Colwell*, 87 Ill. 189 ; *Nevada* v. *Wright*, 10 Nev. 167 ; *City Council* v. *Hickman*, 57 Ala. 338 ; *King* v. *Baily*, 1 Keble, 33 ; *People* v. *Supers.* 27 Cal. 655.) If the demurrers should be held bad, the relators should have leave to withdraw them. No traverse was necessary, as was supposed by the General Term. (Code, § 2079 ; *People* v. *Order of American Star*, 53 Super. Ct. 66.)

*E. Ellery Anderson* for respondent. The right of the relators to a peremptory writ depends upon the trial of a meritorious issue of fact. The peremptory writ can only issue in the first instance, when the relator's right depends solely on questions of law. (*People ex rel.* v. *Cromwell*, 102 N. Y. 477 ; *People ex rel.* v. *Super. of W. Co.*, 73 id. 173 ; *People ex rel.* v. *Richard*, 99 id. 620.) The return of the board of the police is sufficient to raise the issue of fact presented in this case. (Code, §§ 2076, 2077, 2079, 2082.) The refusal of the writ rests in the sound discretion of the court. (*People ex rel.* v. *Ferris*, 76 N. Y. 326 ; *People ex rel.* v. *Campbell*, 72 id. 496 ; *Sage* v. *L. S. & S. R. R. Co.*, 70 id. 220 ; *In re Dederick*, 77 id. 595.)

Peckham, J. The remedy by *mandamus* is of an exceptional character, and the writ issues only in that class of cases where a clear legal right is made to appear and there is no other adequate and legal means to obtain it. The granting or refusing the writ, especially where it is asked against public officers to compel the performance of an alleged public duty, is somewhat a matter of discretion.

These principles are elementary and require the citation of no authorities for their support.

In the proceeding at bar the writ is not asked for to establish or maintain any private right or interest, but the relators ask that it shall issue against a board of public officers to compel the performance by it of what the relators allege to be a public duty. They claim to be the representatives of a constituency of over 50,000 voters in New York city, and they

allege that the legislature by the act, chapter 490 of the Laws of 1887, provided for the appointment of inspectors of election by the defendants to represent this large body of voters at the ballot boxes. It is seen from this statement that the relators have no private interest in this question, but the interest and the right rest with that body which they claim to represent, and which from their papers amounted to nearly 70,000 voters at the last municipal election. If these relators are in reality the proper representatives of such a constituency, the defendants under the act should appoint an inspector for each district as applied for. But the question is whether these relators are such representatives. On the papers produced and read by them on the application for the writ, they made out a case for such appointment, and if their papers were uncontradicted the application for the writ should be granted.

But are their papers uncontradicted?

To answer this question in such a case, where public interests and the right of this large body of voters to be represented at the ballot boxes under the act of 1887 are concerned, the court ought to and will look carefully into the record for the purpose of seeing where the right of the case is, and in the exercise of a legal and proper discretion in regard to issuing the peremptory writ, will refuse it if satisfied from the record that there is an honest dispute on some substantial basis, regarding material facts, which ought to be properly settled before the writ issues, even though in the strictest and most technical construction of the papers or pleadings, it should appear that these issues are inartificially or loosely made up. The legislature intended that where so large a part of the voting population as fifty thousand should vote outside of the two great parties, that such part should have an inspector of election at each ballot box to see that the election was fairly conducted, and that their interests were not improperly overlooked.

When individuals claiming to be representatives of this body of voters appear before the courts, and such claim is uncontested, or the contest is based upon no substantial

1887.] People ex rel. McMackin et al. *v.* Bd. of Police. 241

Opinion of the Court, per Peckham, J.

grounds, there is no doubt as to the duty of the court under such circumstances. But in the case at bar an inspection of the record shows that there are three different bodies, each claiming to be the sole and proper representative of the voters who deposited sixty-eight thousand votes for their candidate for mayor of New York in the fall of 1886, and each body claims to be entitled to the appointment of the additional inspector. The learned counsel for the appellants here claims that there is no substantial contradiction in this record as to any material fact, and that the Special Term should have therefore granted the application of his clients.

We do not agree with this view of the contents of the record. It is made up exceedingly loosely, and it is somewhat difficult to tell exactly what was before the learned judge at Special Term. We think enough appears, however, to authorize us in holding that he was right in denying the writ on account of the existence of disputed questions of fact. The record contains the brief opinion of the learned justice, in which he says: "There is an insuperable objection to granting a peremptory writ of *mandamus* to *either* of the petitioners in this matter." And again: "There is, however, involved in this application a question of fact as to which if either of the *three* applicants is the party or organization which cast over fifty thousand votes at the last municipal election."

This language certainly imports that others than the relators had applied for the writ, for it speaks of three applicants therefor. I also find in the record, entitled "In the matter of the appointment of the additional election inspectors," a statement of an "order to show cause obtained on motion of counsel for Progressive Labor Party." Also a statement entitled in the same way with the following: "Order denying motion without prejudice and vacating injunction. The foregoing order, a copy of which is hereto annexed marked Exhibit No. 2, was read and placed on file." The present proceedings are entitled in the name of the people with Mr. McMackin and another as relators. This, therefore, shows in this very record that there

were other proceedings of a like nature before the Special Term. I find no copy of that order to show cause or of its denial, printed in the record, but being referred to therein, and being now presented to the court, we think it proper to look at the papers to see just what was done. It was an application in behalf of the Progressive Labor Party and the order to show cause why the writ should not issue is entitled as stated above, and recites that it is granted upon the annexed affidavit of William Penn Rogers and the exhibits and papers therein referred to. The affidavit is annexed and shows, if true, quite a clear case for the appointment of inspectors for the party therein spoken of, viz. : The Progressive Labor Party. The order is dated the twenty-first of September and enjoins the proceedings of the defendants until the hearing and decision of the motion. Mr. Justice Patterson at Special Term in his opinion, already referred to, recites the fact that the defendants have been enjoined since the twenty-first of September. There was no injunction in the order procured by the relators. All this is alluded to for the purpose of the argument, that it fairly appears from this very record now before us that there were several applications for a *mandamus* against these defendants which were heard together and somewhat informally before the learned justice at Special Term, and that from the recital in the order to show cause which is above referred to although not printed, it appears there was an affidavit of Mr. Rogers upon which the order to show cause was granted, which must have been sworn to therefore as early as the twenty-first of September, and an inspection of it shows it was so sworn to It is not necessary, therefore, to rely wholly on the affidavit of Mr. Rogers appearing in the record as sworn to October sixth as raising an issue of fact, for this affidavit of September twenty-first does it in clear and emphatic terms, and as the applications were all heard together the papers used may all be referred to for the purpose of showing the issues therein. From all this we think it is sufficiently apparent that there were questions of fact existing in these various applications for a *mandamus* which required Mr.

Justice PATTERSON to deny a peremptory writ and justified him in issuing an alternative one.

The order denying such application must therefore be affirmed.

The alternative writ having been issued and served, it is claimed by appellants' counsel that there is no issue raised by the return of the board, and that the two individuals who are members of the board should not have been allowed to make a return and if their return is to be permitted that even then there is no issue raised by it and no answer made to relator's application. It may be perhaps admitted that in strictness there is no proper denial in the return of the board, but in that of the two individual members thereof we think it is conclusively shown that there is a serious question of fact having a substantial basis to be decided before the relators shall be entitled to the writ asked for.

While not deciding what would be the rule in cases of strictly private rights, we think that in cases such as this, where the question is who are the real representatives of this constituency, the court will not be driven into issuing a peremptory writ to guide the conduct of public officers charged with this public duty, upon any narrow construction of a return to its alternative writ, where from all the papers it is seen that there is a substantial issue of fact and of a material nature, which should be decided in the way pointed out by the law before the issuing of such writ. In such cases it is a wise and proper exercise of discretion to refuse the application.

When a board of public officers stands at a tie, so that no return putting at issue the material facts alleged in the alternative writ can be agreed upon by a majority of the board, we are not inclined to reverse the action of the lower court in permitting individual members of the board to put in a denial under oath of some or all of the material allegations contained in the writ, and in directing a trial of such issues in the legal way.

We think the action of the Supreme Court was right and its orders should therefore be affirmed.

The opinion of the learned General Term contained a provision for the entry of an order to try at once the questions arising in the proceeding. We assume that the parties will still be willing to waive a trial by jury, and to immediately test the question as to which body is entitled to the inspectors, and we therefore affirm the proceedings with leave to apply to the Supreme Court for the trial of the issues forthwith before one of the justices thereof, or in such other way as the parties may agree upon and the court shall approve.

All concur.

Ordered accordingly.