THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN H. GILES, Respondent, *v.* KLAUDER-WELDON DYEING MACHINE COMPANY, Appellant.

Third Department, November 14, 1917.

**Mandamus — when peremptory writ issues — demand for peremptory writ, notwithstanding opposing affidavits are conflicting, is equivalent to demurrer.**

A peremptory writ of mandamus issues only where the applicant's right to it depends upon questions of law. In every other case it cannot be issued until after an alternative writ.

Where, upon motion for a mandamus, opposing affidavits are read which are in conflict with the averments in the affidavits of the relator, and notwithstanding this, said relator demands a peremptory writ, it is equivalent to a demurrer and the question as to the right to the writ must be determined upon the assumption that the averments of the opposing affidavits are true.

Where a stockholder seeks a peremptory writ of mandamus in order that he may ascertain the value of his stock, and bases his right thereto in part upon the allegation that when he managed the company it paid dividends, but under the present management it does not, and the answering affidavits are in conflict with his claims, and allege that he is seeking the writ for ulterior purposes, his demand for a peremptory writ is equivalent to a demurrer, and an order directing the issue of a peremptory writ permitting the examination of the books and papers of the corporation should be reversed, with permission to the relator within twenty days to reply to the answering affidavits and ask for an alternative writ.

APPEAL by the defendant, Klauder-Weldon Dyeing Machine Company, from an order of the Supreme Court, made at the Montgomery Special Term, and entered in the office of the clerk of the county of Montgomery on the 2d day of June, 1917, directing the issuance of a peremptory writ of mandamus requiring the appellant to permit the relator to examine its books and papers upon the terms set forth in the writ.

*Duell, Warfield & Duell* [*Warren C. Van Slyke* and *R. W. France* of counsel], for the appellant.

*Christopher J. Heffernan,* for the respondent.

PER CURIAM:

A peremptory writ of mandamus issues only where the applicant's right to it depends upon questions of law. In

every other case it cannot be issued until after an alternative writ. " Where, upon motion for a mandamus, opposing affidavits are read which are in conflict with the averments in the affidavits of the relator, and notwithstanding this the relator demands a peremptory writ, it is equivalent to a demurrer, and the question as to the right to the writ must be determined upon the assumption that the averments of the opposing affidavits are true." (*People ex rel. Corrigan* v. *Mayor, etc.,* 149 N. Y. 223; *Matter of Haebler* v. *N. Y. Produce Exchange,* Id. 414.)

The petitioner seeks the writ, as he says, in order that he may ascertain the value of his stock in the company, and bases his right to it, in part, upon the allegation that when he managed the company it paid dividends of ten per cent, but under the present management pays no dividends. The answering affidavits show that he already has ample information upon those subjects and that he is hostile to the interests of the company and for some years has been carrying on unfair competition with it, using all the information he may have to injure the company. According to the answer, the reason why dividends are not earned and paid now is on account of the unfair and unjust competition and illegal acts of the relator. (See *Klauder-Weldon Dyeing Machine Co.* v. *Weldon,* 166 App. Div. 415.) If the answer is true, and we see it is substantially admitted for the purpose of this appeal, it is clear that the relator is not seeking the writ for any reasonable or justifiable purpose, but for ulterior purposes.

The order should be reversed and the matter remitted to the Special Term, to the end that the relator may, within twenty days, if he so desires, reply to the answering affidavits, and ask for an alternative writ, with fifty dollars costs to the appellant to abide the event.

All concurred.

Order reversed and the matter remitted to the Special Term, to the end that the relator may, within twenty days, if he so desires, reply to the answering affidavits, and ask for an alternative writ, with fifty dollars costs and disbursements to the appellant to abide the event.