PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES E. OSBORN, Relator, *v.* THE BOARD OF TRUSTEES OF THE VILLAGE OF BELLPORT, Respondent.

Supreme Court, Kings Special Term, October, 1922.

Villages — proposition to raise money for public purpose — when proposition duly approved at election cannot be reconsidered — money so raised cannot be diverted to other purpose — mandamus directing trustees to call special election denied.

At a general election held in the village of Bellport on March 16, 1920, there was duly adopted a proposition to raise a certain sum of money for the purpose of constructing a concrete road within the corporation limits and to authorize the trustees to issue certificates of indebtedness or village bonds and the bonds were thereafter issued. *Held,* that said election exhausted the right of the electors in the matter.

On August 22, 1922, a petition signed by more than twenty-five electors, in compliance with section 56 of the Village Law, requested the trustees to call a special election of the village to vote on two propositions, one of which would, in substance, be resubmitting to the electors the proposition which had been adopted on March 16, 1920, and the other the intent of which was to find a use for the money which had been raised pursuant to the proposition already adopted. *Held,* that a motion for a peremptory mandamus directing the trustees to call the special election will be denied.

*It seems* that the appropriation of the moneys for a purpose other than that for which they were raised would be an illegal and improper diversion of the funds.

Supreme Court, October, 1922.        [Vol. 119

Petition for peremptory writ of mandamus.

Guthrie, Jerome, Rand & Kresel (Harland B. Tibbetts, of counsel), for plaintiff.

John R. Vunk, for defendant.

Lewis, J.   This is an application why a peremptory mandamus order should not be granted directing the defendant to call a special election of the village of Bellport.

At a general election held on March 16, 1920, a proposition was submitted to the voters which provided, in substance:

Shall the village of Bellport, for the purpose of constructing a concrete road twenty feet in width, commencing at the northern limits of said village on Railroad avenue and extending thence southerly down Railroad avenue, across the Main street or South Country road, and thence down Bellport avenue to a point opposite the public park, raise the sum of $30,000, and authorize the trustees to issue certificates of indebtedness or village bonds?

The proposition was adopted at the election and bonds were thereafter issued.

On the 22d day of August, 1922, a written petition in compliance with section 56 was signed by more than twenty-five electors, requesting that there be submitted at a village election two propositions:

Proposition No. 1:   " Shall the Board of Trustees of the Village of Bellport be authorized, empowered and instructed to refrain from making or letting any contract, plans or specifications, and from taking any other step or proceedings for the laying or construction of a concrete pavement on Bellport Avenue in said Village? "

Proposition No. 2, in substance, authorized and empowered the board of trustees to take such action and proceedings and let such contracts as may be necessary for the extension to the curb line of the concrete pavement upon the South Country road in said village, etc.

Section 56 of the Village Law provides for submission of a proposition upon any question which may be lawfully decided thereat.

Section 56-a provides that a proposition submitted in pursuance of section 56 and which has been defeated shall not again be submitted to such electors until after the expiration of one year or until the next annual village election.

Section 131 provides that if a vote has been taken upon a proposition to purchase property or raise a tax or to incur a debt and it shall be against such proposition, no proposition embracing

MATTER OF GERTRUDE D. HAWES.    **359**

Misc. 359]    Surrogate's Court, New York County, October, 1922.

the same subject shall be again submitted before the lapse of ninety days thereafter.

Can proposition 1 be regarded as a question which may be *lawfully* decided at an election?

That proposition would, in substance, be resubmitting to the electors a proposition upon which they had already voted and adopted.

No provision is found in the Village Law for the resubmission of a proposition already adopted. There was an election. The right of the electors is exhausted. There could be no finality to elections were it possible to resubmit propositions already adopted.

The intent in proposing proposition No. 2 was undoubtedly to find a use for the moneys which had already been raised pursuant to the proposition which was adopted on March 16, 1920.

In addition to the reasons specified above, it would seem that the appropriation of the moneys for a purpose other than that for which it was raised would be an illegal and improper diversion of said fund. See *People ex rel. Rohr* v. *Owens*, 110 App. Div. 30; *Everett* v. *Village of Potsdam*, 112 id. 727.

The motion is denied.

Ordered accordingly.