In the Matter of the Application of CARRIE H. C. SPANHAKE, as Administratrix, etc., of HANNAH HARRISON, Deceased, Respondent, Appellant, for a Peremptory Mandamus Order against THE TEACHERS' RETIREMENT BOARD, Appellant, Respondent.*

First Department, June 8, 1928.

* Affd., 249 N. Y. 605.

*David Bernstein*, for the petitioner.

*Willard S. Allen* of counsel [*William E. C. Mayer* and *J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the Teachers' Retirement Board.

MERRELL, J. The petitioner applied at Special Term for a peremptory mandamus order directing the respondent herein, the Teachers' Retirement Board, to pay to the petitioner the sum of $10,000 or the full actuarial value of the retirement allowance due the petitioner's intestate on August 8, 1927, with interest from that date. The Special Term directed and granted an alternative mandamus order.

The Teachers' Retirement Law provides two different forms of retirement of teachers. The first of these is authorized by subdivision K of section 1092 of the Greater New York Charter (Laws of 1901, chap. 466), as amended by chapter 303 of the Laws of 1917, and is for a service retirement. Under subdivision K a contributor to the retirement fund, upon completion of thirty-five years' service, is entitled to such retirement, which becomes effective when the application therefor is made to the Teachers' Retirement Board and without the necessity of any formal action by said Board. A contributor is entitled to retirement from service under said subdivision K where the contributor shall have reached or passed the age of sixty-five years or, if a present-teacher, shall have a total service of thirty-five years or more. It is alleged in the petition that the petitioner's intestate had a service record of twenty-seven years and upwards, and was a present-teacher at the time of making her application. A "present-teacher" is one employed in the public schools as a teacher on August 1, 1917, or on leave of absence on said date. (See Greater New York Charter, § 1092, subd. (8), as amd. *supra*.) The other method of retirement, known as a disability retirement, under which the application here under review was made, is provided by subdivision L of section 1092 of the Greater New York Charter (as amd. *supra*), which provides: "Upon the application of the head of the department in which a contributor is employed, or upon the application of said contributor or of one acting in his behalf, the retirement board shall retire said contributor for disability, provided the medical board after a medical examination of said contributor made at the place of residence of said contributor or at a place mutually agreed upon shall certify to the retirement board that said contributor is physically or mentally incapacitated for the performance of duty and that said contributor ought to be retired and provided further that said contributor has had ten or more years of city-service."

The questions involved in this proceeding are presented by the petition and the defendant's answer thereto. It is alleged in the petition that one Hannah Harrison died intestate in the borough of Brooklyn, county of Kings, city of New York, on the 8th day of August, 1927, and that the petitioner is the duly appointed and qualified administratrix of the estate of said decedent. The petition then alleges the provisions of the Teachers' Retirement Law, being section 1092 of the Greater New York Charter, and the organization thereunder of the Teachers' Retirement Association. It is alleged in the petition that, at the time of her death, petitioner's intestate was a member in good standing of the Teachers' Retirement Association of the city of New York, and that on the day of her death the petitioner's intestate elected to retire forthwith and duly made application in writing to the Retirement Board, created under said Teachers' Retirement Law, for such retirement. The petitioner further alleges that on the said 8th day of August, 1927, subsequent to the execution of such application by the petitioner's intestate to the Retirement Board for such retirement, and before her death, the petitioner, on behalf of the said Hannah Harrison, endeavored to communicate with Frederick Z. Lewis, one of the members of the Retirement Board, who, under the rules and regulations of said Board and its practice, was duly authorized and empowered to receive said application, but that said Frederick Z. Lewis and the other members of the Retirement Board were not at home at the time it was attempted by the petitioner to leave said application and to communicate with them for the purpose of an immediate examination of the intestate, as provided by the rules and regulations of the said Retirement Board and its practice. The petitioner alleges, further, that she made every possible effort subsequent to the execution by the intestate of the application for retirement and prior to the death of the intestate, to locate a member of the respondent Board for the purpose of having an immediate examination of the petitioner's intestate for retirement. The petitioner further alleges that a medical board examination of said intestate would have been futile, since her intestate died as the result of the illness on the said August 8, 1927. Petitioner further alleges that thereupon said application was duly mailed to the office of the Retirement Board, and that said application in due course reached the office of the Retirement Board and has ever since been in its possession, and that said mailing was made in accordance with law and with the practice and procedure of the Retirement Board as it existed on said 8th day of August, 1927, the date of the death of the petitioner's intestate. The petitioner further alleges the refusal of the Retirement Board to pay said

claim upon the ground that said application did not reach said Board through the mail or otherwise prior to the death of petitioner's intestate.

The answer of the Teachers' Retirement Board puts in issue, by denials, the allegations of the petition that on the 8th day of August, 1927, the petitioner's intestate elected to retire forthwith and duly made application in writing to the Retirement Board for such retirement, and denies the allegations of the petition as to the efforts of the petitioner to deliver said application for disability retirement to the Teachers' Retirement Board or any member thereof, although the said answer alleges that on the date of her death the petitioner's intestate signed in due form an application for disability retirement under the provisions of subdivision L of section 1092 of the Greater New York Charter, commonly called the Teachers' Retirement Law. The respondent, by its answer, alleges that said application for disability retirement was not filed or received or in any manner presented to the Teachers' Retirement Board until August 24, 1927, about sixteen days subsequent to the decease of the said contributor.

The answer further denies the allegation of the petition that upon the execution of said application and on the failure of the petitioner to communicate with a member of the Retirement Board the said application was duly mailed to the office of said Board and that said application, in due course, reached the office of said Retirement Board. The answer denies that the mailing was made in accordance with law or in accordance with the practice and procedure of said Retirement Board as it existed on said 8th day of August, 1927. The answer also denies the allegation of the petition that the Retirement Board refused to pay said claim on the ground that said application did not reach said Retirement Board through the mail or otherwise prior to the death of the said Hannah Harrison. The answer also alleges that the medical board of the Board of Retirement was not notified to make and did not make a medical examination of petitioner's intestate at her place of residence or at any other place prior to her said decease, and that said medical board did not then or at any other time prior or subsequent to the decease of petitioner's intestate certify to the Retirement Board that the said contributor was physically or mentally incapacitated for the performance of duty and that she ought to be retired.

It thus appears from the petition and the respondent's answer thereto that the respondent denies many of the factual allegations of the petition, and that the real ground upon which payment of the amount claimed is resisted is the failure to present the certificate of the medical board certifying that said contributor was physically

or mentally incapacitated for the performance of duty and ought to be retired.

In our opinion, the petitioner has not shown a clear, legal right to either a peremptory or an alternative mandamus order. Mandamus can only be granted in cases where there is a clear, legal right thereto. (*People ex rel. McMackin* v. *Board of . Police,* 107 N. Y. 235; *People ex rel. Dady* v. *Coler,* 171 id. 373; *Matter of Whitman,* 225 id. 1; *Matter of Eiss* v. *Summers,* 205 App. Div. 691.) Denials by the answer of material allegations of fact contained in the petition preclude the granting of the peremptory mandamus order asked for by the petitioner. In *Matter of Eiss* v. *Summers* (*supra*) the court said (at pp. 696, 697): "An order of peremptory mandamus will issue only to compel performance of an official duty clearly imposed by law, where there is no other adequate, specific remedy. The duty must be positive, not discretionary, and the right to its performance must be so clear as not to admit of a reasonable doubt or controversy. (*Matter of Burr* v. *Voorhis,* 229 N. Y. 382, 387; *People ex rel. Giles* v. *Klauder-Weldon D. M. Co.,* 180 App. Div. 149; *People ex rel. Delaney* v. *Interborough Rapid Transit Co.,* 192 id. 450; appeal dismissed, 230 N. Y. 558.) " A peremptory mandamus order is dependent upon a clear, legal right and upon undisputed facts. In the petition the petitioner sets forth in full a recent decision of the Special Term upon an application for retirement of a teacher under subdivision K of section 1092 of the Greater New York Charter (*Matter of Poucher* v. *Teachers' Retirement Board,* 130 Misc. 896), quoting at length the opinion of the learned justice at Special Term on deciding such application. Upon appeal *Matter of Poucher* v. *Teachers' Retirement Board* was recently affirmed by this court (223 App. Div. 873). That decision, relied upon by the petitioner, it seems to me, is without application to the situation here presented. That was an application for the retirement of a teacher who had served for thirty-five years and more and who it was apparent an hour before his death executed and mailed to the Retirement Board his application for retirement. In the case at bar it does not appear that the application of petitioner's intestate was mailed prior to her death. All that the petitioner alleges is that the paper was executed prior to the death of her intestate and that she then attempted unsuccessfully to get into communication with a member of the Retirement Board. The fact that the application was concededly not received by the Retirement Board until sixteen days after the death of the contributor would seem to indicate that the application was not mailed until after the death of the contributor. In any event, it is not alleged in the petition that the application

was mailed prior to the death of petitioner's intestate. The question presented in the *Poucher* case was whether the mailing of the application prior to the applicant's death entitled the applicant to immediate retirement regardless of whether or not the application was acted upon by the Retirement Board. The Special Term held in the *Poucher* case that under subdivision K of the Teachers' Retirement Law it was optional with the contributor to make application for his retirement, and that having made such application the teacher became automatically retired, and that succeeding acts of the Board had no effect upon the substantive fact of the teacher's retirement, but merely determined the amount of the allowance based upon the actuarial principles adopted by the Board under the law. The court held that the mailing of the application prior to the death of the applicant satisfied the legal requirement and was of itself in the nature of an acceptance of the offer to retire which the law provided, and that as soon as mailed the rights of the applicant became fixed. An entirely different situation is presented in the case at bar, which is barren of any proof that the application was mailed during the lifetime of the petitioner's intestate. Thus in any event the petitioner was not entitled to the peremptory mandamus order asked. We are further of the opinion that, under the provisions of subdivision L of section 1092 of the Greater New York Charter, the certification by the medical board, after a medical examination of the contributor, that said contributor was physically or mentally incapacitated for the performance of her duty and ought to be retired, was a prerequisite to the granting of the relief asked. No claim is made by the petitioner that there was any examination, but, on the contrary, the petitioner avers that such examination would have been futile as the applicant died on the same day she executed her application for retirement for disability. Under such circumstances we do not think the petitioner has shown herself to be entitled to a mandamus order in the premises, either peremptory or alternative, and that the petitioner, as administratrix, is only entitled to a refund of the accumulated contributions of her intestate in said retirement fund, with interest.

The order appealed from should be reversed on defendant's appeal and the application for a mandamus order denied.

Dowling, P. J., Finch, McAvoy and Proskauer, JJ., concur.

Order reversed and motion for a mandamus order denied.