In the Matter of the Application of CANUTE HANSEN, Respondent, for a Peremptory Order of Mandamus against TEACHERS' RETIREMENT BOARD, Appellant.

First Department, November 18, 1932.

*Willard S. Allen* of counsel [*J. Joseph Lilly, William E. C. Mayer* and *Thomas W. A. Crowe* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellant.

*Solomon Traub* of counsel [*Edison & Traub,* attorneys], for the respondent.

MARTIN, J.   The petitioner, a member of the teaching staff of the College of the City of New York, and a contributor to the Teachers' Retirement System seeks by mandamus to compel the teachers' retirement board, the appellant herein, to issue to him a prior service certificate "which will include an allowance of credit for the period during which petitioner was on a leave of absence from the College of the City of New York without pay, in order to serve in the armed forces of the United States during the World War."

Subdivision H of section 1092 of the Greater New York Charter (Laws of 1901, chap. 466, as amd. by Laws of 1917, chap. 303; Laws of 1930, chap. 658, and Laws of 1931, chap. 260), known as the Teachers' Retirement Law, provides in part, as follows: " * * * The time during which a contributor was absent on leave of absence without pay shall not be counted in computing the prior-service or the total-service of a contributor, unless allowed both by the head of the department in which the said contributor was employed at the time said leave of absence was granted and by the retirement board; * * *."

The corporation counsel of the city of New York properly advised the teachers' retirement board that it was the duty of that board to pass upon the application and determine if such prior service should be allowed.   For very satisfactory reasons the board refused to credit the petitioner with prior service for the period during which he was in the navy, and while he was absent without pay from the College of the City of New York.   The board of trustees of the college, however, has given petitioner credit for such service.

The reason for the decision of the teachers' retirement board appears in the affidavit of Frederick Z. Lewis, a member.   He says: "Investigation of the facts of petitioner's case, with the

nature and result of which deponent as such teacher-member of the Teachers' Retirement Board is personally familiar, disclosed that petitioner's connection with the United States Navy during the period from December, 1917, to September, 1919, was commercial in nature. The petitioner, Canute Hansen, was what is known as a 'contract' assistant dental surgeon in the United States Navy. The records submitted to the Retirement Board by the Bureau of Navigation of the Navy Department in Washington, D. C., show that the petitioner was appointed *ad interim* as an assistant dental surgeon for a probationary period of two years from October 16, 1917; that such appointment was accepted by the petitioner on November 9, 1917; and that on August 29, 1919, the resignation of the petitioner from the position of assistant dental surgeon became effective upon his arrival home in this country.

" That at the time petitioner herein entered in the dental service of the United States Navy, as hereinabove explained, to wit, in the month of December, 1917, there was a great scarcity of teachers in the City of New York by reason of the fact that many of the regular teachers were drafted into the military and naval service of the United States; nevertheless, petitioner took such employment with the United States Navy.

" That in the year 1917, the petitioner herein held the position of teacher of hygiene and physical training in the College of the City of New York and was in receipt of the salary attaching to such position in the sum of $1,500 per annum, and that while the petitioner served in the United States Navy in the manner as hereinabove described, he received a compensation of $2,800 per annum and certain additional allowances, such as light, heat, quarters, etc., or approximately twice the amount of the compensation petitioner would have received had he remained in his position in the College of the City of New York."

The appellant contends that the petitioner has failed to show a clear, legal right to either a peremptory or an alternative mandamus order; that the appellant is vested with power to exercise its discretion on applications made to it for credit during the time a contributor was absent without pay on leave of absence, and that the court has no power to substitute its judgment for that of the teachers' retirement board.

The petitioner contends that the affidavit of Dr. Frederick B. Robinson shows that other persons received credit for service while they were receiving half pay from the city; that a letter from the secretary of the appellant shows that the principal reason for the application being denied was that he received more money from

the Navy Department than he had received while teaching in the College of the City of New York, and that Frederick Z. Lewis, whose affidavit is adverted to above, unjustly classed the petitioner's service as being " commercial in nature." We believe it was very properly so classified in view of the affidavit that the petitioner, at a time his services were most needed, left the teaching staff of the college and went into the navy where he could obtain more salary or wages.

The law is well settled that the purpose of a writ of mandamus is to compel action only in the exercise of a purely ministerial function. The duty imposed upon the teachers' retirement board by section 1092, subdivision H, of the Greater New York Charter is not a purely ministerial function for it involves the exercise of discretion and judgment.

In *Matter of Spanhake* v. *Teachers' Retirement Board* (224 App. Div. 75; affd., 249 N. Y. 605) the court said: " In our opinion, the petitioner has not shown a clear, legal right to either a peremptory or an alternative mandamus order. Mandamus can only be granted in cases where there is a clear, legal right thereto. (*People ex rel. McMackin* v. *Board of Police*, 107 N. Y. 235; *People ex rel. Dady* v. *Coler*, 171 id. 373; *Matter of Whitman*, 225 id. 1; *Matter of Eiss* v. *Summers*, 205 App. Div. 691.) Denials by the answer of material allegations of fact contained in the petition preclude the granting of the peremptory mandamus order asked for by the petitioner. In *Matter of Eiss* v. *Summers* (*supra*) the court said (at pp. 696, 697): ' An order of peremptory mandamus will issue only to compel performance of an official duty clearly imposed by law, where there is no other adequate, specific remedy. The duty must be positive, not discretionary, and the right to its performance must be so clear as not to admit of a reasonable doubt or controversy. (*Matter of Burr* v. *Voorhis*, 229 N. Y. 382, 387; *People ex rel. Giles* v. *Klauder-Weldon D. M. Co.*, 180 App. Div. 149; *People ex rel. Delaney* v. *Interborough Rapid Transit Co.*, 192 id. 450; appeal dismissed, 230 N. Y. 558.) ' "

In *People ex rel. Harris* v. *Commissioners* (149 N. Y. 26, 30) the court said: " The primary object of the writ of mandamus is to compel action. It neither creates, nor confers power to act, but only commands the exercise of powers already existing, when it is the duty of the person or body proceeded against to act without its agency. While it may require the performance of a purely ministerial duty in a particular manner, its command is never given to compel the discharge of a duty involving the exercise of judgment or discretion, in any specified way, for that would substitute the judgment or discretion of the court issuing the writ for that of

the person or persons against whom the writ was issued. In such cases its sole function is to set in motion, without directing the manner of performance."

In *People ex rel. Francis* v. *Common Council* (78 N. Y. 33, 39) the court said: " The office of the writ of mandamus is in general to compel the performance of mere ministerial acts prescribed by law. It may also be addressed to subordinate judicial tribunals, to compel them to exercise their functions, but never to require them to decide in a particular manner. It is not, like a writ of error or appeal, a remedy for erroneous decisions. (*Judges of Oneida Common Pleas* v. *People*, 18 Wend. 92–99, and cases cited.) This principle applies to every case where the duty, performance of which is sought to be compelled, is in its nature judicial, or involves the exercise of judicial power or discretion, irrespective of the general character of the officer or body to which the writ is addressed. A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to exercise its judgment. The character of the duty, and not that of the body or officer, determines how far performance of the duty may be enforced by mandamus. Where a subordinate body is vested with power to determine a question of fact, the duty is judicial, and though it can be compelled by mandamus to determine the fact, it cannot be directed to decide in a particular way, however clearly it be made to appear what the decision ought to be." (See, also, *People ex rel. Grannis* v. *Roberts*, 163 N. Y. 70, 78; *People ex rel. Myers* v. *Barnes*, 114 id. 317, 325; *Howland* v. *Eldredge*, 43 id. 461.)

The appellant teachers' retirement board appears to have properly exercised the discretion given to it by the Greater New York Charter and has properly disallowed the petitioner's application for service credit. Under the authorities referred to above, the court is without power to overrule the discretion and judgment of the teachers' retirement board when properly exercised.

There being no showing of a legal right to either a peremptory or alternative mandamus, the order appealed from should be reversed, with twenty dollars costs and disbursements, and the application for a mandamus order denied, with ten dollars costs.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.