In the Matter of the Application of The People of the State of New York ex rel. Neary Memorials, Inc., Respondent, for a Mandamus Order against George U. Harvey, President of the Borough of Queens of the City of New York, Appellant.— Peremptory mandamus order reversed on the law and not in the exercise of discretion, with costs, and the application denied, with fifty dollars costs and disbursements. Findings of fact numbered " 5," " 6," " 7," " 8 " and " 9 " are reversed as not based on evidence, and the conclusions of law are disapproved. The city, through its authorized officers, had temporarily leased portions of land adjacent to an improved street which had been condemned for the purpose of widening the street. It was contemplated that the city would construct a sewer under this portion of the street and that thereafter the street would be improved. There were no funds available for such purposes and no appropriation had been made therefor. In the meantime the city, acting under powers delegated by the Legislature, had made temporary leases to certain separate private individuals, who erected temporary buildings and were doing business on portions of the land. The petitioner was the owner of land abutting this street, but there were no buildings obstructing access to its property; and it does not appear that there has been interference with public travel on the street. It obtained this peremptory mandamus order directing the borough president to remove the buildings of the lessees as illegal obstructions and nuisances, on the theory that it was suffering loss to its property in decreased rent and otherwise. There was no proof of actual damage to the petitioner. The petitioner is not entitled to such

peremptory order for his right thereto is not clear. (*Matter of Eiss* v. *Summers,* 205 App. Div. 691, 696.) The duty of the borough president is only to remove unlawful obstructions. He has no legal power to remove such structures as are duly authorized. The petitioner has mistaken its remedy. If the buildings are under the circumstances an illegal encroachment on the street or a nuisance, the action by one suffering special damages for maintenance of a private nuisance must be against the city for injunction and damages. (*Tompkins* v. *City of New York,* 234 App. Div. 79; affd., 260 N. Y. 513; *Carpenter* v. *City of Buffalo,* 137 Misc. 618.) In the few cases where remedy by mandamus was permitted a different state of facts was presented. (*People ex rel. Cross Co.* v. *Ahearn,* 124 App. Div. 840; *People ex rel. Browning, King & Co.* v. *Stover,* 145 id. 259; *Matter of People ex rel. Scheurer* v. *McGoldrick,* 242 id. 703.) For seven years the street has remained unimproved. It is common knowledge that during that period the city has undertaken a great deal of construction and improvement in many fields — subways, parks, streets, sewers and the like; and that its available funds and its credit have become to a large extent exhausted, particularly in view of a period of four years of general financial depression. We are unable to say as a matter of law that the delay of seven years in making this street improvement has deprived the leases of their temporary character such as the charter contemplated. That is a mixed question of law and fact to be determined in an action where all the facts may be presented. Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.