John P. Cohalan, Jr., J.
This is an article 78 proceeding wherein petitioners seek an order directing the Comptroller of the County of Suffolk to issue checks for overtime work performed hy police officers at the Republic Aviation Corporation during the course of a strike in the year 1962.
On February 25, 1963 and pursuant to the' provisions of section 90 of the General Municipal Law, as amended, the Board of Supervisors of Suffolk County adopted Resolution No. 88 permitting the payment and the granting of compensatory time for overtime to the police officers of the Suffolk County Police Department during the Republic Aviation strike. Twenty-five thousand four hundred thirty-four dollars was transferred to the Police Department account for the payment of such additional services. The Board of Supervisors and the County Executive recognized the valuable services, beyond the call of duty, rendered by the policemen in the strike emergency situation. The men assigned to this work performed a valuable public service and because of the numerical limitations of the force, a number of policemen and their officers worked many hours in excess of the 40 hours per week provided for in the scheduled hours of employment and also referred to in chapter 764 of the Laws of 1956. It appears that of the $25,334 allocated for the payment of the claims of the policemen and their officers, $16,148.32 was paid to the policemen below the rank of lieutenant. The balance of $9,285.68 represents the claims of the police officers for overtime who have the rank of lieutenant or higher grade.
For some reason which does not appear in the record, the County Executive instructed the Comptroller not to pay the claims of these higher echelon police officers and the instruction has been heeded. After several demands for payment pursuant to the resolution, the petitioners, police officers of the county department, instituted this proceeding for an order directing payment. While it was pending and the day before it was by its terms returnable in this court, the County Board of Supervisors adopted Resolution No. 389 on August 3, 1964. This resolution amended Resolution No. 88 —1963 theretofore adopted and provides that the Police Department “ is author *91 ized to compensate its members below the rank of lieutenant for overtime worked at the Republic Aviation Corporation strike of 1962, less any compensatory time granted therefor and used by a member” and directing that the Comptroller is authorized to transfer $25,434 from the County Treasurer’s account for this item to the Police Department account for this service. Why the resolution of August 3, 1964 provides for a transfer of the same amount of money specified in the original resolution does not appear, since it was the evident intention of the Board of Supervisors to eliminate a portion of the grant by its amendatory resolution.
In any event, respondent’s answer in effect admits the material allegations of the petition and then affirmatively alleges the adoption of the resolution of August 3,1964 which eliminates the payment for overtime work to the claimants in this proceeding.
Petitioners contend that this smacks of foul play and changes the rules of the game while the action or proceeding is in progress.
The court recognizes the value of the work of the Suffolk County Police Department and particularly the services rendered by the policemen and their officers during the strike in the year 1962. It is most regrettable and unfortunate that the elected public officials have now determined, after 18 months’ delay, that only the .services rendered by the policemen below the rank of lieutenant should be so compensated. This has an element of discrimination and is somewhat arbitrary.
Until the year 1957 police officers were deemed to be public officials and were not included as employees who could receive additional compensation for overtime. In that year the unfairness of this condition was brought to the attention of the Governor by the State Comptroller who advised that, ‘1 Many appointed officials are deprived of overtime pay under the present General Municipal Law (Section 90) despite the fact that they put in a full work week and draw modest salaries; perhaps the largest group of officials in this category are police officers ’ ’. The Governor approved the amendment of section 90 by chapter 442 of the Laws of 1957, which permitted the police officers to be paid for overtime. There is nothing in section 90 of the General Municipal Law which limits the grade of police officers who may receive overtime. According to the reports of the office of the State Comptroller from 1957 to and including the year 1962, sections 90 and 92 of the General Municipal Law received interpretations on at least 37 occasions and in each *92 instance overtime payment was authorized for additional work for municipal employees and public officers — not including elected officials — where the municipality approved the payment.
See Opinions of the Comptroller (opinions underlined refer particularly to policemen):
Vol. 18, year 1962, opinion numbers 481, 488, 974.
Vol. 17, year 1961, opinion numbers 79, 199, 234, 429, 689, 778.
Vol. 16, year 1960, opinion numbers 25, 47, 102, 292, 559, 576, 605, 650, 656, 659, 660, 694, 723.
Vol. 15, year 1959, opinion numbers 107, 409, 413, 1031.
Vol. 14, year 1958, opinion numbers 28, 72,117, 755, 872.
Vol. 13, year 1957, opinion numbers 222, 483, 594, 761, 1059, 1070.
After March 30, 1957 payment for additional time for police officers was approved.
Undoubtedly a number of the police officers concerned incurred obligations on the basis of the allowance of this additional compensation as provided in the first resolution. This, however, is not the change of position which the law refers to when it limits the right of a municipality to amend, change or revoke a resolution it has adopted. The law recognizes the right of the municipality to grant the additional compensation. (See McQuillin on Municipal Corporations [3rd ed.], vol. 4, § 12.194, pp. 84-85): “Extra pay may be allowed in some cases, for the performance of additional services, but, of course, this must depend on the reasonable construction of the applicable law, the circumstances of the given case and the nature of the duties of the office or position. While as mentioned, a public official may not receive extra pay for services rendered by him for which compensation by way of salary is allowed by law, sometimes he may recover pay for other services which he may render outside of and in addition to his ordinary official duties which could as well be performed by other persons as by the officer. This is usually true because of authorization in the law, either express or to be validly implied. ’ ’
The same reference indicates that a claim for additional allowance may in proper circumstances be enforced by mandamus or by action in quantum- meruit.
Were it not for the resolution of August 3, 1964 the court would grant the application since the refusal to pay the funds authorized by the Board of Supervisors would be improper. However, the board is authorized to change, modify or revoke any resolution it has made where vested rights are not prejudiced or destroyed. See McQuillin on Municipal Corporations *93 ([3d ed.], vol. 15, § 39.66, pp. 195-196): “An appropriation, when not associated with a contract as a part of its obligation, is revocable at will. Moreover, it has been held that ordinances appropriating money may be amended.”
It has been determined in this State that a legislative body may reconsider and amend a proposition once adopted, if no person or any vested interest is affected thereby. (Matter of Eiss v. Summers, 205 App. Div. 691, 696.)
Legislative bodies have been permitted to change the rules or ordinances while an appeal is pending. See Matter of Town Bd. of Town of Huntington v. Plonski (13 A D 2d 704, affd. without opinion 10 N Y 2d 1035), wherein the Appellate Division, Second Department, said: “In our opinion, there is sufficient in the record to support the determination of the Zoning Board, when it was made. However, the right to an extension did not vest, and this appeal must be decided upon the laAV as it now exists (Matter of Dengles v. Young, 3 A D 2d 758). The Building Zone Ordinance, as amended since entry of the order appealed from, prohibits the extension of business use more than 50 feet beyond the 150-foot depth of a general business district.”
Also, see, Matter of Fornaby v. Feriola (18 A D 2d 215, 218 [2d Dept.]), wherein that court again stated the applicable law: “ It is not claimed that, following such determination, the intervenor obtained any vested rights; and this appeal should be decided on the law and the facts as they now exist (cf. Matter of Town Bd. of Town of Huntington v. Plonski, 13 A D 2d 704, affd. 10 N Y 2d 1035; People v. Duell, 1 N Y 2d 132, 134).”
The court recognizes that the policemen of whatever rank, Avho performed tlieir duties according to their oath of office, will do their utmost to preserve law and order whether or not they receive extra compensation for the additional time expended. It does seem unnecessarily harsh and an inducement to limitation rather than expansion of public service to permit payment for additional work to certain police officers and to deny it to others. It may be advisable for the Board of Supervisors and the County Executive to recall the resolution of August 3, 1964 and permit the payment originally authorized. Of course, this is solely within the province of the authorities mentioned.
Upon the papers submitted in this proceeding, the court would prefer to grant the relief sought by petitioners. However, the court must bow to precedent which dictates that the relief sought by the petitioners must be denied. Accordingly, the court reluc *94 tantly dismisses the petition, without costs. This dismissal is without prejudice to any rights that the petitioners may have for compensatory time pursuant to sections 90 and 92 of the General Municipal Law and chapter 764 of the Laws of 1956,