whether the relator then showed by his actions a disposition to obey the order.

The determination should be annulled, with $50 costs and disbursements, and relator reinstated.

JENKS, P. J., and CARR and·RICH, JJ., concur.   HIRSCHBERG, J., ·dissents.

---

### FITZPATRICK v. KNIGHTS OF COLUMBUS.

(Supreme Court, Appellate Division, Second Department.   March 28, 1911.)

1. APPEAL AND. ERROR (§ 1002*)—REVIEW—VERDICTS—CONCLUSIVENESS.

　　Where there was a conflict of evidence, and the case was submitted to the jury under instructions to which no exception was reserved, the verdict is conclusive upon the appellate court, unless there were errors in the conduct of the trial, or the verdict is so contrary to the weight of evidence as to show that the jury was actuated by improper motives.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. INSURANCE (§ 726*)—FORFEITURE—NONPAYMENT OF ASSESSMENTS—DEFAULT AS GROUND FOR FORFEITURE.

　　In construing a policy of insurance, which provides for a forfeiture for default in the payment of assessments, the construction will be adopted which is most favorable to the insured and avoids a forfeiture.

　　[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1870–1872; Dec. Dig. § 726.*]

3. INSURANCE (§ 753*)—MUTUAL BENEFIT INSURANCE—PAYMENT OF ASSESSMENTS.

　　The by-laws of the order of which insured was a member allowed subordinate councils to provide a loan fund for their members to avoid forfeitures, and required payments to be made to the general order within 40 days from the 1st of the preceding month. The council of which insured was a member had such a loan fund, and insured was accustomed to pay through that method. There was also a rule requiring members to pay their assessments to the local treasurer within 30 days. Insured died on August 1st; the last preceding assessment having been made as of July 1st. *Held*, that insured, having availed himself of the method provided in the by-laws for just such cases, had a right to rely on the local officer making payment for him, so that he was not in default when he died.

　　[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1903, 1905; Dec. Dig. § 753.*]

Appeal from Trial Term, Dutchess County.

Action by Matilda Fitzpatrick against the Knights of Columbus. From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, RICH, and WOODWARD, JJ.

James E. Carroll (Joseph C. Pelletier, on the brief), for appellant.
Walter Farrington, for respondent.

WOODWARD, J.·  The plaintiff, as assignee of Isabella Fitzpatrick, the beneficiary named in a certain policy of insurance issued by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant upon the life of John E. Fitzpatrick,· brings this action to recover the amount of said policy, and the jury has found in her favor; the court denying a motion for a new trial. The defendant interposed several defenses, each one of which has been passed upon by the jury, with a conflict of evidence, under a charge to which no exception survives. Under such circumstances this court is not in a position to interfere, unless it shall appear that there were errors in the conduct of the trial, or the verdict of the jury is so against the weight of evidence as to lead irresistibly to the conclusion that improper motives actuated that body in reaching its conclusion. None of these conditions exist in this case.

The insured, while at work as a florist, made an application for insurance, agreeing to be bound ·by the rules and regulations of the society, and agreeing that the board of directors might exclude from benefits persons engaged in employments which they should judge to be hazardous. At some time during the term of insurance the directors did pass a resolution declaring that the position of a railroad fireman was hazardous, and it appears that the usual notice of such resolution was conveyed to the insured. There is evidence in the case, however, that the fact of the insured's employment as a fireman was communicated to the general officers of the defendant, and that in the possession of this knowledge the said general officers continued to make assessments against the insured upon his policy and to receive' payments upon the same down to the time of his death, and the learned court submitted to the jury the question of whether the defendant had waived the forfeiture; the evidence on this question having been admitted without objection or exception. There was no objection urged to the charge of the court upon this point, and the verdict of the jury is conclusive.

There was a question of the proper construction of the policy of insurance as to the time within which the payments must be made to avoid forfeiture, and we concur in the conclusion reached by the learned court that the construction most favorable to the insured, and which avoids forfeiture, is the proper construction. The by-laws of the order provided that subordinate lodges or councils might provide a loan fund for their members, the object being to avoid forfeitures, and that payments must be made to the general order within 40 days from the 1st day of the preceding month, and there was evidence that the local council had such a fund, and that the insured had been paying through this method. If there was a period of 40 days within which the insured might retain the benefits of his policy, then he was not in default at the time of his death, which occurred on the 4th of August; the last preceding assessment having been made as of the 1st of July. On the other hand, if the rule requiring members to pay to the local treasurer within 30 days was the one which determined his rights, then he was in default at the time of his death. We are clearly of the opinion that, the order having provided for just such a case, and the local order having such a fund, and the insured having availed himself of this method of payment, he had a right to rely upon the

payment being made by the local official, and that he was not in default at the time of his death.

The judgment and order appealed from should be affirmed, with costs. All concur.