Before STATE INDUSTRIAL BOARD, Respondent.

BRIDGET O'ROURKE, an Incompetent Person, by THE EQUITABLE
TRUST COMPANY OF NEW YORK, Committee of Her Property,
Claimant, Respondent, *v.* STANDARD WOOD TURNING COMPANY
and Another, Appellants.

Third Department, March 7, 1923.

**Workmen's compensation — injury arising out of and in course of employ-
ment — deceased employee was not injured while disobeying specific
instructions — committee of incompetent dependent may serve notice
of injury under Workmen's Compensation Law, § 18 — trust company
was appointed committee of dependent — another trust company with
which it merged prior to accident is entitled to receive award under
Banking Law, § 494.**

Claimant's husband, an engineer, who was struck on the head with some pieces
of wood thrown from a window in an upper story of the building into the engine
room yard, was not in the yard at the time of the injury contrary to specific
instructions, since there was no evidence that he was told not to go outside
the engine room or that the wood which was thrown down was to be thrown
down in the yard at his engine room door.

The committee of an incompetent dependent may serve notice of injury under
section 18 of the Workmen's Compensation Law.

A trust company, with which another trust company which had been appointed
committee of the claimant was duly merged prior to the accident, was, under
section 494 of the Banking Law, entitled to receive the award made to the
claimant and directed to be paid to the committee, though there were no further
proceedings in court after the merger with reference to any change of the com-
mittee or the appointment thereof.

APPEAL by the defendants, Standard Wood Turning Company
and another, from an award of the State Industrial Board, made
on the 26th day of April, 1922.

*William Warren Dimmick,* for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken, Charles E. Kimball,
Jr.,* and *Archer P. Cram* of counsel], for the respondents.

KILEY, J.:

It was conceded upon the hearing by the attorney for the
appellants that the employer came under group 17 of section 2
of the Workmen's Compensation Law (as amd. by Laws of 1917,
chap. 705) as it existed at the time of the accident which was June
9, 1921. It was proved beyond cavil, both by report of the
employer and by evidence, that John J. O'Rourke, the husband of
the incompetent, was an engineer of this company, and operated
the engine that was the motive power for the work of the employer.

It was proved and not controverted that he suffered a fracture of the skull when he was about eight or ten feet from the wall of the engine room in a yard adjoining the building into which a door opened from said engine room. It was proved and not controverted that he was found in this yard with the injury aforesaid, and at the place aforesaid, with pieces of wood scattered around him. It was proved and not controverted that about twenty minutes before he was so found two employees of said company had thrown this wood from a second-story window of the employer's building into this yard. The injury caused death in a short time thereafter. While every conceivable objection was raised at the hearing and upon appellants' unnecessarily voluminous brief, the foregoing facts having been proved, the objections here are simmered down to two questions:

*First.* Did the accident arise out of and in course of the employment?

*Second.* Was the award as made directed to be paid to a party entitled to receive the same?

As to the first: The injury was received at one-thirty P. M., at which time the deceased was at his place of duty, so that he was in the course of his employment; but the manager and treasurer says: "He had been instructed not to go out there but for some reason I don't know why, he went out." There is no evidence in this record that any one told him not to go outside of the door of his engine room, or that this wood, which was thrown down and killed him, was to be thrown down into the yard at his engine room door. The Industrial Board was well within its province when it found, in effect, that he had not disobeyed instructions. Its finding in that regard was based upon a question of fact and we cannot disturb it. (Workmen's Compensation Law, § 20, as amd. by Laws of 1919, chap. 629. See, also, Workmen's Compensation Law of 1922, § 20.) The only remaining question is as to the party directed to receive the award, and with that is coupled the further objection that the Industrial Board did not obtain jurisdiction of the subject-matter because the notice of injury was made by the alleged committee. The statute permits any one to give the notice of injury as therein prescribed in behalf of the dependent, and the claim must be filed within one year. (Workmen's Compensation Law, §§ 18, 28, as amd. by Laws of 1918, chap. 634.) The application for the appointment of a committee may be presented by any person. (Code Civ. Proc. § 2323.*) As to authority of the committee to institute actions or special proceedings, see section 2340 of the

---

* Now Civ. Prac. Act, § 1359, and Rules of Civ. Prac. rule 286.— [REP.

Code of Civil Procedure.*   It seems to me the only question left is whether the party, the Equitable Trust Company of New York, directed to receive the compensation in money can receive the same.  We have seen by the foregoing sections of the Code of Civil Procedure that the committee has power to take the property of the incompetent, and by section 2321 of the same Code† said committee is authorized to use it for the maintenance of such incompetent.  In February, 1908, the Trust Company of America, a New York corporation, was duly appointed the committee of the property of the dependent incompetent.  She was the wife of the fatally injured party.  In February, 1912, the aforesaid Trust Company of America merged with the Equitable Trust Company of New York.  The merger was proper and according to statute. It does not appear from this record that any further legal action was taken in court with reference to any change of the committee or the appointment thereof.  It may be observed here that the Workmen's Compensation Law provides for payment to the injured or to dependents, in the first instance, but under section 11 and subdivision 2 of section 16 (as respectively amd. by Laws of 1916, chap. 622) payments may be made to guardians, etc.  Section 11 says, so far as pertinent here:  " The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death."  The right of the committee to bring such an action is given by section 2340 of the Code of Civil Procedure aforesaid.*  By another statute, section 494 of the Banking Law of this State, the Equitable Trust Company of New York, by its merger, claims to be entitled to and bound to carry out any obligation assumed by the Trust Company of America before such merger.  The merger was an equitable and ratable combination of the assets of each of said companies, becoming one instead of two bodies, and the taking of the one name for both companies.  The question is asked, is the relation of committee and incompetent a trust relation?  In *Person* v. *Warren* (14 Barb. 488) it is held that the committee is a trustee of an express trust, although at the same time he is a servant or bailiff of the court.  In *People ex rel. Smith* v. *Commissioners of Taxes, etc.* (100 N. Y. 215) the court says:  " The office of committee is as well defined and specifically referred to in law and in the statutes, as that of guardian, executor or administrator."  The

---

* Now  Civ. Prac. Act, § 1377.— [Rep.    † Now Civ. Prac. Act, § 1357.— [Rep.

question here is the effect of the merger, and the force of the statute is pointed out in *Bank of Long Island* v. *Young* (101 App. Div. 88). It is disclosed in *Matter of Bergdorf* (206 N. Y. 309) that when the testator made his will in 1904, he named, with others, the Morton Trust Company an executor thereof. In January, 1910, the Morton Trust Company was merged into the Guaranty Trust Company. The testator died in January, 1911. It was held that the merger did not prevent the issuing of letters testamentary to the Guaranty Trust Company. It is found by the Industrial Board that the compensation " is due and payable to Bridget O'Rourke " and directs its payment to her committee, the Equitable Trust Company of New York. I am of the opinion that said committee has authority to take it under section 494 of the Banking Law.

I advise affirmance of the award, with costs in favor of the State Industrial Board against the carrier.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Award unanimously affirmed, with costs in favor of the State Industrial Board.