In the Matter of the Application of TIMOTHY D. POUCHER, as President of the Federation of Teachers' Associations of the City of New York, Petitioner, for a Peremptory Order of Mandamus against the TEACHERS' RETIREMENT BOARD, Respondent.*

Supreme Court, New York County, November —, 1927.

Schools — teachers' retirement — application for peremptory order of mandamus directing teachers' retirement board of city of New York to pay actuarial value of decedent's retirement allowance — decedent executed written application for retirement under Greater New York charter, § 1092, subd. K, which was mailed to board by special delivery letter, approximately one hour before his death — fact that application was not before board prior to decedent's death does not bar application from becoming effective — peremptory order of mandamus granted.

On this application for a peremptory order of mandamus directing the teachers' retirement board of the city of New York to pay the actuarial value of decedent's retirement, it appears that the decedent, after thirty-five years of service as a teacher in the New York city schools, filed with the retirement board of said city his election to receive the benefits of subdivision O, option I, of the Retirement Law (Greater New York Charter, § 1092), and twelve days thereafter executed a written application for retirement under subdivision K of said law, which application was mailed to the retirement board by a special delivery letter approximately one hour before decedent's death.

The fact that the application to retire was not filed and was not before the retirement board prior to decedent's death does not bar the application from becoming effective, in the absence of any provision in the law that filing is necessary before the application is effective or that the retirement shall not take effect until the board affirmatively acts upon the application.

Mandamus should not be denied because there is a reasonable doubt as to whether or not petitioner has a clear legal right in making claim for the money.

APPLICATION for a peremptory order of mandamus.

*J. M. Cohen*, for the petitioner.

*George P. Nicholson, Corporation Counsel* [*William E. C. Mayer* of counsel], for the respondent.

VALENTE, J. This is an application for a peremptory order of mandamus directed to the teachers' retirement board of the city

---

of New York, directing the board to pay the petitioner the sum of approximately $23,000. The petitioner is the assignee of the claim of one Frederick W. Memmott, who on the 16th day of March, 1926, had been in the employ of the board of education for thirty-five years and was a member in good standing in the Teachers' Retirement Association, which is the body of teachers entitled to benefits under subdivision B of the Teachers' Retirement Law (Greater N. Y. Charter, § 1092, as amd. by Laws of 1923, chap. 573). The teachers' retirement board is the body which administers the law, and subject to its provisions determines, among other things, the amounts to be paid by members of the retirement association and the amount of the benefits to which such members are entitled. This board has a corporate existence, with the power to sue and be sued.

Memmott died on March 16, 1926, at nine A. M. Prior to his death he executed an application for retirement under subdivision K of the Retirement Law, which provides that

" Retirement for service shall be as follows:

" 1. Any contributor may retire for service upon written application to the retirement board setting forth at what time subsequent to the execution of said application he desires to be retired. Said application shall retire said contributor at the time so specified: provided  *  *  *

" (b) If a present — teacher, he has a total — service of thirty-five years or more;  *  *  * "

Under subdivision O of the Retirement Law, as amended,

" A contributor may at any time file with the board of retirement his election to receive on retirement his benefits in retirement allowance payable throughout life or to receive the actuarial equivalent of his annuity, his pension, or his retirement allowance in a lesser annuity, or a lesser pension, or a lesser retirement allowance, payable throughout life, with the provision that:

" Option I. If he die before he has received in payments the present value of his annuity, his pension, or his retirement allowance, as it was at the time of his retirement, the balance shall be paid to his legal representatives or to such person, having an insurable interest in his life, as he shall nominate by written designation duly acknowledged and filed with the retirement board."

Decedent on March 4, 1926, filed with the retirement board his election to accept upon retirement the benefits of subdivision O, option I, and he designated his estate as the beneficiary. This election was filed prior to his application for retirement, but it was quite proper to do so under the amended statute. The law as it originally read required such election to be made at the time

of retirement. The amendment permitted such choice to be made prior to retirement. Before his death he also executed a written application for retirement under the provisions of subdivision K. This application was mailed to the teachers' retirement board by registered special delivery mail about an hour before the applicant's death, but it did not reach the office of the board until after his death. Some doubt is raised in the papers submitted by the respondent as to whether the letter was not mailed until after the applicant's death, but the corrected records of the post office department clearly show that it was handed to the post office clerk in charge of registry mail an hour before.

After the applicant's death his son was appointed administrator of his father's estate, and thereafter he assigned his claim to the petitioner herein. Respondent's denials do not raise any issue of fact, except as to the time of the mailing, and this must be resolved in favor of the petitioner. The other issue, as to the actuarial value of the retirement allowance, is clearly a matter of mathematical calculation, within the determination of the retirement board, and petitioner is quite willing to accept the actuarial figures. No issue, therefore, arises on this score.

The sole question, then, is one of law, namely: Did the mailing of the application *ipso facto* entitle the applicant to immediate retirement, regardless of whether the application was acted upon by the retirement board or not? Respondent contends that, before retirement becomes effective, the application must be actually on file with the board, and, the petitioner having died prior to the receipt by such board of the application, the latter was of no effect. In support of this contention it cites the very recent case of *Strianese* v. *Metropolitan Life Insurance Co.* (221 App. Div. 81). There the insured executed a designation to change the beneficiary of the policy on December nineteenth, a Saturday. It was too late to file the change on that day. He died the next day, Sunday, and on Monday the designation was filed with the company, which refused to honor it. The court upheld the insurer in its refusal to honor the notice. The decision was based upon the strict terms of the policy, which provided that " The insured may (while the policy is in force) designate a new beneficiary * * * *by filing written notice thereof at the home office of the company accompanied by the policy for suitable endorsement. Such change shall take effect upon the endorsement of the same on the policy by the company and not before.*"

Clearly that case is no authority, and provides no assistance in deciding the instant case. There is no provision in the law that the application must be filed to be effective, nor that the retirement shall not take effect until affirmative action by the

board thereon. The sole question, therefore, is whether such provision must be read into the law.

Article 6 of the by-laws of the retirement board, although not controlling upon the court, indicates quite a contrary view by the very board which is contesting the present petition. That article provides that written application, duly attested or witnessed, " shall be sent to the office of the Teachers' Retirement Board." Thereafter the action of the board involves only ministerial functions, except in the case of an applicant for the grant of a disability allowance, upon whose case a medical report must first be made. It is true that the by-law further provides that " The application for retirement shall be submitted to the Teachers' Retirement Board for action at the next regular meeting, succeeding the completion of those reports " (actuary and medical reports).

But, in the case of an applicant under subdivision K, those reports are clearly of a ministerial character, and do not involve the exercise of discretion. That subdivision distinctly states that " said application *shall retire* said contributor at the time so specified," provided he has reached the statutory age and has the requisite service, and as to the presence of these factors in the application before me there is no dispute. It is optional with the contributor to make the application, but, having done so, his application retires him, the succeeding acts of the board having no effect upon the substantive fact of his retirement, but merely determining the amount of his allowance, based upon the actuarial principles adopted by the board under the sanction of the statute.

Does the *mailing* of the application satisfy the intent of the statute? Under the well-known principles of contract law, it does. The statute is a general offer of a benefit held out to members of the retirement system who have qualified under it. The application is in the nature of the acceptance of the offer, and as soon as it is mailed the rights of the offeree become fixed, in view of the mandatory language in the law that the application itself retires the applicant.

Quite apart from the general consideration that pension laws should be liberally interpreted (*Walton* v. *Cotton*, 60 U. S. [19 How.] 355), and an interpretation avoided which will result in forfeiture (*Fitzpatrick* v. *Knights of Columbus*, 143 App. Div. 540), it is unnecessary to resort to such aids of interpretation because the statute is quite plain. It is a fact of some significance that, where filing is required, the law expressly so provides. Thus the designation of a beneficiary under subdivision O, option I, requires filing, and the deceased complied with this requirement. If the Legislature had required similar action under subdivision K, it would have said so.

Finally the respondent contends that mandamus will only lie where there is a clear legal right, and as an important question of law is involved, which admits of a reasonable doubt or controversy, the petitioner should be relegated to an action at law against the retirement board. There is no reason why difficult questions of law cannot be determined upon this application, as well as in an action at law. The clear legal right referred to in the cases, such as *Matter of Whitman, No. 1* (225 N. Y. 1), means a right which is inferable as a matter of law from uncontroverted facts, regardless of the difficulty of the legal question to be decided. That phase may exonerate respondent in respect of the penalty of paying costs upon the decision of the motion, and may bear upon the good faith in refusing to honor the claim without judicial determination. But it does not deprive the court of the authority to grant a peremptory order of mandamus, when the facts clearly entitle the petitioner to such.

The motion is granted, without costs. Respondent will furnish to the petitioner the actuarial value of the decedent's retirement allowance on March 16, 1926. Settle order.