In the Matter of the Application of CARRIE H. C. SPANHAKE, as Administratrix, etc., of HANNAH HARRISON, Deceased, Petitioner, for a Peremptory Mandamus Order against THE TEACHERS' RETIREMENT BOARD, Respondent.

Supreme Court, New York County, February 7, 1928.

Schools — teachers' retirement in New York city (Greater New York Charter, § 1092) — teacher died before application was filed — application for peremptory mandamus order to compel payment of actuarial value of teacher's retirement allowance — questions of fact are presented — alternative order granted.

This is an application for a peremptory mandamus order to compel the Teachers' Retirement Board of New York city to pay petitioner the actuarial value of her intestate's retirement allowance (Greater New York Charter, § 1092). Questions of fact are involved and, therefore, a peremptory order cannot be granted.

The uncontroverted evidence indicates that the application for retirement was not received by the Retirement Board until sixteen days after the death of petitioner's intestate. If it was mailed while she was alive the application would be effective. Petitioner should be permitted to show that it was so mailed.

While medical examination would seem to be a condition precedent, still, a teacher's estate will not be penalized if death comes after the application and before a medical examination can be had, provided that death is not due to causes unconnected with those which formed the basis of the application.

An alternative order is directed to issue so that the questions of fact may be determined.

APPLICATION for a peremptory order of mandamus.

*David Bernstein*, for the petitioner.

*George P. Nicholson*, Corporation Counsel [*W. E. C. Mayer*, of counsel], for the respondent.

LEVY, J.   Petitioner seeks a peremptory order of mandamus directing the Teachers' Retirement Board to pay her the sum of $10,000 as the actuarial value of the intestate's retirement allowance on August 8, 1927.   The decedent was a teacher in the public schools of New York city for a period of twenty-seven years ending on the date mentioned, when her death occurred.   All such teachers are members of the Teachers' Retirement System which, pursuant to law, is administered by the Teacher's Retirement Board, which determines under the statute the amounts to be contributed by members of the system and the benefits to which they become entitled upon retirement.   Section 1092 of the Greater New York charter (as amd. by Laws of 1917, chap. 303) provides for *service* retirement and *disability* retirement.   The first is authorized by subdivision K and entitles a contributor to retirement upon application, after thirty-five years' service, such retirement being effective when the application is made without the necessity of formal action by the Retirement Board.   (*Matter of Poucher* v. *Teachers' Retirement Board*, 130 Misc. 896.)

Obviously, that has no application here, because the petitioner's rights depend upon subdivision L of the same section which provides: " Upon the application   *   *   *   of said contributor or of one acting in his behalf, the retirement board shall retire said contributor for disability, *provided the medical board* after a medical *examination* of said contributor   *   *   *   shall certify to the retirement board that said contributor is physically or mentally incapacitated *   *   *.''   Two questions are involved in the present situation which must be solved in favor of the petitioner to entitle her to the relief demanded.   As they embrace mixed questions of law and fact, it is clear that a peremptory order of mandamus may not be directed.   Whether the application should be granted to the extent of directing the issue of an alternative order remains to be seen.

The first question is whether an application for retirement had been forwarded pursuant to statute and prior to the death of the contributor.   The uncontroverted facts indicate that the application was not received by the Retirement Board until sixteen days after the contributor's death.   When it was mailed on her behalf does not appear.   In the *Poucher Case* (*supra*) the application

was mailed about an hour prior to the applicant's decease. Unless it was mailed or handed to a member of the Retirement Board before death, the fact that the application had been executed and that a member of the Board could not be located in time, is of no avail. It may be that the application was indeed mailed while the contributor was alive, and though the presumption is against the petitioner, she should not be foreclosed from an effort to establish this, if possible.

The second question relates to the fact that no medical examination of the contributor was had. A reading of the statute would seem to render this a condition precedent to retirements of this character. In this respect, *service* retirement, which was practically self-executing and effective upon the transmission of the application, differs from *disability* retirement, which seemingly does not come into being until approval by the medical board. Nevertheless, bearing in mind the liberal policy which undoubtedly governs the administration of pension laws generally, a contributor's estate should not be penalized, because death occurs between the application and the time of the medical examination, unless it appear to be the result of causes unconnected with those which formed the ground of the application. In the instant case the contributor died from causes which may well have been connected with the grounds upon which retirement was sought. While the presumption on this point is in favor of the petitioner, unlike that having relation to the first feature, there seems to be an issue of fact also involved here.

The motion is granted, but only to the extent of directing the issue of an alternative order of mandamus. Settle order.