RUTHERFORD S. MOORHEAD, as Executor of LILA M. SCHENCK, Deceased, Plaintiff, *v.* TEACHERS RETIREMENT BOARD, Defendant.

Supreme Court, Kings County, May 16, 1929.

*Edward S. O' Neill* [*Charles E. Fiske* of counsel], for the plaintiff.

*John W. R. Hilly, Corporation Counsel* [*William E. C. Mayer* and *Thomas W. A. Crowe* of counsel], for the defendant.

*Leonard M. Wallstein* and *Ralph M. Frank, amici curiæ.*

CALLAGHAN, J.   The decedent, Lila M. Schenck, was for a number of years a teacher in the public schools of the city of New York and was a member of the teachers retirement fund and teachers retirement system, as established by section 1092 of the Greater New York Charter, and was duly registered with the teachers retirement board, and was in good standing.   She was, therefore, entitled to all the benefits conferred by the law upon a teacher eligible for retirement for any of the causes specified in the said provisions of the charter.

On the 1st day of February, 1925, she was granted a leave of absence which has never been revoked.   She was thereafter, and on the 31st day of October, 1925, duly and legally declared an incompetent person and committed as such.   On the 8th day of March, 1926, the above-named executor was duly appointed committee of the property of the then incompetent.   Thereafter the committee, without authority or sanction of the court, applied to the defendant for Miss Schenck's retirement for disability.   She was thereafter, and on March 21, 1926, examined by the medical board acting in pursuance of law, on behalf of the defendant.   That board made a certificate on the 22d day of March, 1926, certifying

that Miss Schenck was "physically and mentally incapitated for the performance of duty and ought to be retired." The deceased died on the 19th day of April, 1926, but notwithstanding her death, the teachers retirement board met thereafter and passed a resolution retiring the deceased. The resolution of retirement provided that deceased was retired as of the 21st day of March, 1926, the date when the deceased was examined by the medical board.

If the deceased had not been retired, she would have been entitled to the benefits prescribed in section 1092, subdivision N, of the charter, which amount to $1,560 — whereas if her retirement was legal, she would have been entitled to but $93.33 per month, or a total of $186.66. The defendant has at all times been ready and willing to pay that sum to the representatives of deceased. The question presented is, was the decedent duly retired?

The option to retire was exercised by the committee and, in pursuance of such election, the medical board examined the decedent. The general rule is that a committee has no right to make an election for an incompetent but such an election may be sustained if it is for the benefit of the incompetent. Judging from the viewpoint of the committee at the time the election was made, it is difficult to say whether the election was for the benefit of the incompetent. Had she lived for a year and one-half after her retirement, more money would have accrued to her estate than could at the time of her death if she had not been retired — but the election here may be sustained under the statute even though the committee acted unwisely or against the best interest of the incompetent. The charter (§ 1092, subd. L, as added by Laws of 1917, chap. 303) provides that retirement may be made for disability upon the application of the head of the department, one acting for the contributor, or the contributor. If, therefore, an application was made in either of the three methods prescribed, the requirement of the statute was met and the general rule governing the action of a committee is not applicable. A somewhat similar provision is found in section 18 of the Workmen's Compensation Law (as amd. by Laws of 1926, chap. 262), which provides that notice of an injury may be given by the injured person or "someone in his behalf." It was held that a notice given on behalf of a claimant by a third party not specifically authorized to give such a notice was binding on the claimant. (*O'Rourke* v. *Standard Wood Turning Co.*, 204 App. Div. 658.)

There is, of course, a difference between making an election and giving a notice, but as the head of a department was given the right, by statute, to make an election on behalf of a teacher, as well as one acting on behalf of the teacher, it is not unreasonable

to hold that a committee of the property has such a right. Besides, the right to make such an election seems to be authorized by section 1377 of the Civil Practice Act.

The most important question, however, is whether the deceased was properly and legally retired.

It is urged in one of the briefs that a rule established by the defendant fixed the date of retirement as of the date of the examination by the medical board. That rule was, no doubt, adopted to meet the criticism made in *Matter of O'Brien* v. *N. Y. State Teachers Retirement Board* (215 App. Div. 220; affd., 244 N. Y. 530), but it cannot be considered here, as there is no proof before the court of the existence of such a rule although the board has the power, under subdivision C, 5, of section 1092, to make proper rules and regulations for the administration of the funds created for retirement purposes.

The law has vested no discretion in the retirement board, after it has been established that a teacher is entitled to retirement. Its acts are merely ministerial. If a teacher has reached the age of retirement, he must be retired notwithstanding any views which the members of the retirement board may entertain (*Matter of O'Brien* v. *N. Y. State Teachers Retirement Board, supra*), but as the certificate of the medical board is a prerequisite to the granting of the retirement for disability, the board may not act without such certificate (*Matter of Spanhake* v. *Teachers' Retirement Board*, 224 App. Div. 75), but if all the prerequisites are met in a case of retirement for disability, the board must act and if it delays beyond a reasonable time, it may be compelled to do its duty by mandamus. (*Matter of Poucher* v. *Teachers' Retirement Board*, 130 Misc. 896; affd., 223 App. Div. 873.) The rule, generally stated, is that in the case of retirement for age, the board must act when an application for retirement is presented, based upon the age requirement, and the retirement must be as of the date of the application and, in a case of retirement for disability, the certificate of the medical board being a prerequisite for retirement, the board must, in a proper case, retire the teacher as of the date of the examination of the medical board. To hold otherwise would be to defeat the purposes which the Retirement Law was meant to serve.

The decedent was in a position, when the medical board certified that she was disabled, to force the defendant by means of an order of mandamus to retire her on the allowance fixed by statute. Consequently, the board had the reciprocal right to retire her as of such date.

It follows, therefore, that plaintiff is entitled to a judgment but for the amount only which the defendant concedes is due.