STATE EX REL. SCHAETZLE, Respondent, vs. KNOWLES and others, Trustees, Appellants.

*February 23—March 14, 1911.*

*Municipal corporations: Firemen's pension fund: Statute construed.*

1. Under sec. 959—46n, Stats. (Laws of 1907, ch. 214),—providing that any member of a fire department of a city of the second, third, or fourth class "having served twenty-two years or more in such department" shall, upon retirement or discharge, have a monthly pension "equal to one half of the monthly compensation allowed such member as salary at the date of his retirement" or discharge,—one who served during a part of the twenty-two years as a volunteer, not devoting his whole time to the service, is entitled to the pension if there is a monthly compensation incident to his service at the time of its termination.
2. *It seems* that the "monthly compensation allowed . . . as salary," by which the pension is to be measured, need not be in the form of a stated amount per month, but may be a specified sum per year, payable annually, quarterly, monthly, or otherwise.

APPEAL from an order of the circuit court for Ashland county: E. C. HIGBEE, Judge. *Affirmed.*

*Mandamus* action to compel the trustees of the firemen's pension fund of the city of Ashland, Wisconsin, to place the name of relator on the pension roll.

Facts were stated in the petition and alternative writ appropriate to the question of whether relator was eligible for a pension under ch. 214, Laws of 1907. It was stated that he became a member of the fire department in April, 1887; that he was made captain in 1893, assistant chief May, 1895, chief in 1897, and was discharged July 1, 1909, having been in continuous service over twenty-two years, with compensation of $52 per year at first, increased later by $1 per hour actually spent at fires, and later to $250 per year upon his being made assistant chief, further increased to $600 per year upon his being advanced to the position of chief, and later to $840 per year, and lastly to $1,000 per year. From the time he en-

tered the service to September, 1897, he devoted only a portion of his time thereto and the rest to his profession as a barber.   Thereafter he devoted all his time to the public service as fireman.   Upon the taking effect of ch. 214, Laws of 1907, the city council acted thereunder and continued to do so up to the time relator was discharged, he contributing his proportion of the pension fund.   Such fund has never amounted to $50,000.   There is no beneficiary thereof as yet.   By reason of the facts stated relator is entitled to receive from such fund since the time of his discharge $41.66 per month, or one half the monthly wages he was then receiving, so far as such fund will go for that purpose.   He applied for such payment but the trustees refused to pass favorably on his application.

An alternative writ was issued to coerce the trustees into granting relator's application.   The trustees appeared and moved to quash the proceedings for insufficiency of facts to warrant the relief sought.   The motion of respondents in such proceedings and their demurrer to the petition were overruled.

The cause was submitted for the appellants on the brief of *W. S. Cate,* and for the respondent on that of *Sanborn, Lamoreux & Pray.*

MARSHALL, J.   The appeal presents the question of whether, under ch. 214, Laws of 1907, as to a fireman who had been in service before the act, part of the time as a volunteer; one not required to spend time in the service so as to preclude him from giving his attention in part to private affairs and not drawing a monthly salary, as in case of members of paid fire departments in many cases, the period covered by the mixed vocation is countable in making up the twenty-two years requisite to eligibility for a pension.   The law is as follows:

"Any member of the fire department of any such city, having served twenty-two years or more in such department, may

make application to said board to be retired from such department, or he may be retired by the said board of its own motion; in either which case said board shall order and direct that such member shall be paid a monthly pension of a sum equal to one half of the monthly compensation allowed such member as salary at the date of his retirement, or if any member shall be discharged after serving twenty-two years or more, the said board shall order or direct that such person shall be paid a monthly pension equal to one half the monthly compensation allowed to such member as salary at the date of his discharge." [Sec. 959—46n, Stats.]

We are unable to see any legitimate ground for reading the foregoing as if the words—who has received a monthly salary during the whole of such time and devoted his whole time to the service—or words of similar import were in place by implication after the words "in such department" so as to exclude service under the conditions which characterized that of respondent during his early connection with the fire department. There is no rule of judicial interpretation which would justify or even suggest taking such liberty with the statute as we look at the matter. "Any member of the fire department of any such city, having served twenty-two years or more in such department," does not seem to have any qualification as to whether the department is on a salary basis, or volunteer basis, part of the time. The call is for a fire department—an organization in the ordinary way as part of the municipal machinery—membership therein, service for the period of at least twenty-two years, and a monthly compensation incident to the service at the time of its termination.

It is by no means clear that the monthly salary feature requires the compensation to be awarded in form as a stated amount per month, instead of a specified sum per year, payable annually, quarterly, monthly, or otherwise. That feature of the law seems to be to the effect that the compensation of the ex-officer shall be one half as much per month as he re-

ceived as an equivalent for his service covering such a period at the termination of his connection with the department.

The foregoing accords with the decision complained of.

*By the Court.*—The order is affirmed.