STATE EX REL. JOHNSON, Appellant, vs. BUCHANAN and others, Respondents.

*January 19—February 15, 1949.*

*Maynard Berglund* of Superior, for the appellant.

*George D. Flynn,* corporation counsel of Superior, for the respondents.

WICKHEM, J. The question in this case is whether petitioner satisfied the requirements for a pension specified by sec. 62.13 (9) (c) 3, Stats. 1947.

The subsection reads as follows:

"Service. A member of the department who has served twenty-two years or more may apply to be retired or may be retired on motion of the board, except that a member joining the police department after January 1, 1940, must also have attained the age of fifty-seven years. Upon such retirement, or upon discharge after such service, the board shall order to be paid him a monthly pension equal to one half his monthly compensation at such time."

Petitioner commenced work in the police department on April 16, 1925, having been hired by the chief of police. He worked in the department continuously but was not confirmed as an officer by the board of police and fire commissioners until March 30, 1929. He continued as a member of the police department for twenty-two years, two months, and seventeen days, and on July 7, 1947, petitioned the board of trustees of the police pension fund for a pension under the provisions of sec. 62.13 (9) (c) 3, Stats., above quoted. There is no question but that the time elapsing between

April 16, 1925, when petitioner was hired and the date upon which his connection with the department ceased is more than twenty-two years. The question in this case arises from the fact that during the twenty-two years defendant was suspended eight times without pay for violation of duty, or for other conduct unbecoming an officer. These suspensions total two hundred thirteen days. In addition to this there was a total of fifty-nine days of absence from duty due to sickness at a time when he had no sick leave coming and no accrued time credit against it. Since, however, petitioner had been a member of the department for about seventy-seven days more than twenty-two years the trial court disregarded this item and we shall do so here.

The trial court held that the periods of suspension for cause must be deducted from the total time that petitioner was a member of the department and that this brought his total service under the twenty-two years required as a condition to a pension. Petitioner claims that membership in the department for twenty-two years is what the statute requires; that the pension board is not concerned with the conduct or illness of a member; and that membership in the department for twenty-two years, two months, and seventeen days fully qualified petitioner for a pension.

The pension board contends that the statute requires twenty-two years of actual service as a police officer, and that even though an officer's membership in a department is not permanently severed he is not entitled to service credit for any period during which he is suspended by reason of his misconduct from the department.

The point is not without difficulty but we conclude that the trial court's view is correct. The language of the statute distinguishes between *membership* in the department and *service* in the department because its first sentence states: "A *member* of the department *who has served twenty-two years or more.* . . ." This implies that a person may be a

member of the department and still not serve. The emphasis is on "service;" "service" is the condition of the pension. A member of the department who has by reason of his misconduct been suspended from duty without pay is in no position to claim that he has served as a member of that department during the period of his suspension. This would be contrary to the specifications of the statute and would be a violation of the very purpose of pension statutes, which is to reward faithful service by a pension allowance. Petitioner cites *State ex rel. Schaetzle v. Knowles* (1911), 145 Wis. 523, 525, 130 N. W. 451, as supporting his position. That was a case where a fireman who had been a volunteer for a portion of the twenty-two years and who during that period as a volunteer had not drawn a monthly salary could count the time of voluntary service to make up the requisite of twenty-two years. The court held that he could do this and stated that this court was unable to see why the statute should be judicially amended by inserting a requirement that the applicant for a pension must have been on a salary during the entire twenty-two years. The case does not help petitioner. The opinion states that, "the call is for a fire department—an organization in the ordinary way as part of the municipal machinery—membership therein, *service for the period of at least twenty-two years,* and a monthly compensation incident to the service *at the time of its termination."* The court refused to attach significance to the fact that the applicant had not received a salary during all the period of his service but specifically stated that he must have been in the department and that he must have served for a period of at least twenty-two years. Petitioner does not satisfy the requisite of service while he is under suspension without pay by reason of his misconduct.

In view of our conclusions upon this point it is unnecessary to consider contentions having to do with his absence by

reason of illness or with the fact that deductions from defendant's pay were not made during the early years of his tenure.

*By the Court.*—Judgment affirmed.

Hughes, J. (*dissenting*). I must dissent from the majority opinion.

Reasonable construction of the language of the statute must be that a member of the department for twenty-two years or longer is entitled to the benefits of the pension law. I can find nothing which evinces an intent on the part of the legislature to mean by the term "service" that the member be actually on duty for a total of twenty-two years. No purpose would be served in laboring the issue. I merely wish to point out that if the quotation in the majority opinion taken from *State ex rel. Schaetzle v. Knowles* (1911), 145 Wis. 523, 525, 130 N. W. 451, is properly italicized, it becomes clear that this court there considered membership in the department synonymous with service for the period of at least twenty-two years: "The call is for a fire department—an organization in the ordinary way as part of the municipal machinery—*membership therein, service for the period of at least twenty-two years,* and a monthly compensation incident to the service *at the time of its termination.*"

The appellant was disciplined for his acts of misconduct while on the force and was penalized by the fire and police board which suspended him without pay. It must be presumed that he was sufficiently punished for those acts because the board had power to give additional penalties, including the right to terminate his service with the department for cause. Treatment of the case by the majority, it seems to me, makes it possible for the pension board to impose additional penalties for misconduct for which the member of the department has already been penalized. Since the fire and police board saw fit to permit him to continue in service for

more than twenty-two years, he should be entitled to the benefits of the pension.

I am authorized to say that Mr. Justice BROADFOOT joins in this dissent.