Edward T. MoCaeerey, J.
Motion, pursuant to article 78 of the Civil Practice Act, for an order directing respondent to grant retirement service credit to petitioners for the period of their suspension from active service is denied, and the petition dismissed.
Petitioners were school teachers employed by the Board of Education of the City of New York until January 8, 1960, when both were suspended without pay by that board. This suspension continued through August 22,1963, when the board directed their “reinstatement”. The suspensions were based upon petitioners’ alleged false answering of certain questions posed in their employment application forms, which answers constituted the basis for charges of conduct unbecoming an employee *871 of that board. The validity of these charges is not here at issue, nor are they denied. Petitioners claim that they are entitled to retirement service credit for the period of their suspension, and argue that the respondent board, which is charged with the obligation of computing such credits (Administrative Code of City of New York, § B20-4.0, subd. a et seq.) has no power or right to deny such credit once a teacher has been reinstated after a suspension. They contend that the only statutory basis for denying such credit for time during which an employee is suspended is contained in subdivision c of the last-cited section of the Administrative Code, which allows such an exclusion only for the time of a leave of absence granted without pay. Other applicable statutes in the area do not specifically empower the respondent to exclude time in the manner herein concerned, although sections 2566 and 2573 (subd. 7) of the Education Law respectively, empower a superintendent of schools to suspend a teacher until the next meeting of the board of education, and provide that the board may try cases of alleged misconduct by employees and ‘ ‘ fix the penalty or punishment, if any, to be imposed for the offense, and such penalty or punishment shall consist of a reprimand, a fine, suspension for a fixed time without pay, or dismissal Respondent argues that as no specific statute grants the right of a member of the Retirement System, suspended without pay, to service credit upon reinstatement for the period of the suspension, and as credit cannot be considered as earned compensation for services rendered during such period (for, of course, no services were rendered during the period of suspension), petitioners’ claim must fall. Petitioners claim the converse; i.e., that as no provision of law precludes granting retirement service credit in such circumstances, respondent must grant the credit. They note that in Malara v. Monaghan (131 N. Y. S. 2d 270, 273) distinction was drawn between “ reinstatement ” and “ reappointment ”, and that the court there stated that a reinstatement effects a return to the status previously held, and that the “ legal status [of one reinstated] remained unchanged and * * * unimpaired as if he had never been removed ”. However, the court there was not concerned with retirement credit, nor, in fact, with the status of one not wrongfully removed or suspended from office. Petitioners’ argument that the withholding of retirement service credits herein effects an additional and unauthorized imposition of a penalty upon them is without foundation. During the period concerned petitioners were not precluded from employment elsewhere nor from earning amounts in excess of the salary plus pensions of members of the retirement system (see *872 Hansen v. Teachers’ Retirement Bd., 236 App. Div. 589, affd. without opinion 262 N. Y. 496). Viewing pension rights as compensation, it is difficult to ascertain how petitioners, by a lawful suspension without pay, can become thereby entitled to these rights. Those asserting a claim to compensation must establish an affirmative basis therefor, and this basis must consist of more than proof that the granting of the compensation sought is not prohibited by statute. It would seem clear that if, as provided by subdivision c of section B20-4.0 of the Administrative Code, generally the leave time of an employee on leave of absence without pay is not computed as retirement service credit, the time of a disciplinary suspension without pay, for good cause, should not be so computed. Matter of Everitt v. Teachers’ Retirement Bd. (135 Misc. 916, 920) cited by petitioners, is inapposite for there, as the court stated: “if the action of the board * * * had contemplated a full exoneration of petitioner and a recognition of her complete innocence of the charges * * * she could not be deprived of prior service credit ’ \ In the instant case it is clear that full exoneration of petitioners was not contemplated by the board. The prerequisite for the granting of a pension is actual service. “A member of the department who has by reason of his misconduct been suspended from duty without pay is in no position to claim that he has served * * * during the period of his suspension.” (State ex rel. Johnson v. Buchman, 254 Wis. 261, 264; accord, Matter of Everitt v. Teachers’ Retirement Bd., supra.) “Pension rights are ‘in the nature of compensation for the services previously rendered for which full and adequate compensation was not received at the time of the rendition of such services ’ (Matter of Giannettino v. McGoldrick, 295 N. Y. 208, 212) ” (Matter of Gordon v. Monaghan, 309 N. Y. 336, 342). Accordingly, the petition is dismissed.